IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CR-23 |
| | ) | (PHILLIPS/GUYTON) |
| ROBERT CAMPBELL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER OF COMMITMENT FOR
## MENTAL EXAMINATION AND EVALUATION

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. On July 1, 2005, the parties appeared before Magistrate Judge C. Clifford Shirley, Jr., for a scheduled motion hearing on the defendant's Motion For Examination To Determine Mental Competency [Doc. 16], filed on June 30, 2005, pursuant to 18 U.S.C. §§ 4241 and 4242. Assistant United States Attorney Tracee Plowell appeared on behalf of the government. Assistant Federal Defender Paula Voss appeared on behalf of the defendant, who was also present.

With regard to the defendant's mental condition, defense counsel stated that she had filed an affidavit [Doc. 18] regarding her concerns as to the defendant's competency to stand trial. Judge Shirley reviewed the affidavit and considered counsel's oral statements regarding the defendant's family's statements about his need for mental evaluation as well as his problems with communication, focus, and past physical injuries to his head. The government did not oppose the defendant's motion for an evaluation.

1

Judge Shirley found that there is reasonable cause to believe that the defendant is "suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). The defendant's Motion For Examination To Determine Mental Competency [**Doc. 16**] was **GRANTED**.

On July 8, 2005, the undersigned[1] conducted a telephone conference with United States Attorney Steve Cook and Assistant Federal Defender Paula Voss. The Court noted that the defendant has filed a notice [Doc. 17] of his intent to offer proof of an insanity defense at trial. In this regard, the defendant also seeks [Doc. 16] to have his sanity at the time of the alleged offense examined during the evaluation. The government requested time to contact the Bureau of Prisions to inquire about having the defendant examined for both his competency to stand trial and his sanity at the time of the offense. On July 14, 2004, the government contacted chambers and orally moved for an evaluation of the defendant pursuant to 18 U.S.C. § 4242(a). The Court **GRANTS** the government's oral motion for an examination of the defendant's sanity at the time of the offense. Accordingly, the Court finds that the defendant should undergo both a competency examination under 18 U.S.C. § 4241 and an examination of his sanity at the time of the alleged offense under 18 U.S.C. § 4242.

With regard to the defendant's July 7, 2005 trial date, the Court finds that it must be continued. The time during which the defendant is undergoing a mental examination is excludable under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(A). Additionally, up to ten days of

---

[1] The undersigned Magistrate Judge conducted this telephone conference in Judge Shirley's absence.

transportation time is excludable under the Act. 18 U.S.C. § 3161(h)(1)(H). Once the defendant returns from his examination, the Court will need to hold a competency hearing, the time for which will also be excludable. See 18 U.S.C. § 3161(h)(1)(F). If the defendant is found competent, the parties will need time to prepare for trial. See 18 U.S.C. § 3161(h)(8)(B)(iv). Accordingly, the Court finds that the ends of justice served by the granting of a continuance outweigh the best interest of the defendant and the public in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A). A new trial date will not be set at this time. A status conference and/or competency hearing is set for **September 14, 2005 at 1:30 p.m.** The Court further finds, and the parties agreed, that all time between the July 1, 2005 hearing and the September 14, 2005 competency hearing would be fully excludable time under the Speedy Trial Act. See 18 U.S.C. § 3161(h)(1)(A), -(F), -(H), and -(8)(A)-(B).

It is therefore **ORDERED:**

1. That defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for the purposes indicated herein and the United States Marshal is hereby directed to transport the defendant to the nearest suitable psychiatric facility (hospital) for purposes of psychiatric evaluation, pursuant to 18 U.S.C. §§ 4241 and 4242. Said commitment shall be for a reasonable period not to exceed forty-five (45) days (to commence when defendant arrives at the facility), unless otherwise ordered.

2. That the receiving facility and doctor in whose primary care the defendant is placed shall file a written report with this Court pursuant to 18 U.S.C. § 4247(c) as soon as practical with copies to counsel for the government and the defendant, said report to include:

   a. the defendant's history and present symptoms;

   b. a description of the psychiatric, psychological, and medical tests that were employed and their results;

    c. the examiner's findings; and

    d. the examiner's opinions as to diagnosis, prognosis, and

    (1) whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and

    (2) whether the defendant suffered from such mental disease or defect which rendered him insane at the time of t he offense charged.

  3. That a status hearing or hearing on the question of the defendant's competency to stand trial is presently set for **September 14, 2005 at 1:30 p.m.**, pending the return of the defendant and a report on his mental condition from the facility to which he is assigned.

  4. That the defendant be given any necessary medications if determined appropriate to do so by the medical staff at the facility;

  5. That the psychiatrist/psychologist have access to any Pretrial Services Reports completed on defendant in the instant case; and

  6. That the psychiatrist/psychologist have access to all available medical records on the defendant.

  7. The names, addresses, and telephone numbers of the Assistant United States Attorney, defense counsel, and defendant's pretrial service officer are as follows:

  (a) Government's counsel: Steven H. Cook
    P.O. Box 872, Knoxville, TN 37902
    (865) 545-4167

  (b) Defense counsel: Paula Voss
    Federal Defenders Service
    530 South Gay Street, Suite 900, Knoxville, TN 37902
    (865) 637-7979

      (c)      Pretrial Services Officer: Carol Cavin
                800 Market Street, Suite 120, Knoxville, TN 37902
                (865) 545-4017

8. The Clerk is directed to serve copies of this order on counsel of record and to serve three certified copies on the United States Marshal.

9. The United States Marshal shall notify the clerk of the court and the undersigned's office promptly when defendant returns to this jurisdiction from the mental evaluation. A competency hearing/status conference has been scheduled for **September 14, 2005 at 1:30 p.m.**

10. The trial will be reset at the status conference/competency hearing.

11. All time between the **July 7, 2005** hearing and the **September 14, 2005** hearing is fully excludable under the Speedy Trial Act for the reasons set forth herein.

**IT IS SO ORDERED.**

ENTER:

                s/ H. Bruce Guyton
                United States Magistrate Judge