IN THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:05-CR-23 |
| ) | (PHILLIPS/SHIRLEY) |
| V. ) | |
| ) | |
| ROBERT DESHAWN CAMPBELL, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the district court as may be appropriate. This cause came before the undersigned on August 18, 2006 for an initial appearance and arraignment on a Superseding Indictment [Doc. 53], filed on August 15, 2006, and for a motion hearing on the defendant's *Pro Se* motion to Withdraw Charles I. Poole as Attorney For Defendant [Doc. 52], filed on August 11, 2006. Assistant United States Attorney Steven Cook was present representing the government. Attorney Charles I. Poole was present representing Defendant Campbell, who was also present.

At the August 18 hearing, the Court, upon the defendant's request, permitted the defendant to speak on his own behalf, but only after the Court reminded him of his constitutional right to remain silent and not to incriminate himself and not to make a statement regarding matters outside of the motions pending. The defendant stated he understood his rights. When asked to explain Defendant's grounds for requesting Attorney Poole's removal, Defendant Campbell

1

indicated there were several reasons for his request, including that: (1) Mr. Poole failed to file the discovery and suppression motions Defendant Campbell had requested; (2) Mr. Poole was prejudiced against Defendant Campbell's socioeconomic status; (3) Defendant Campbell did not trust Mr. Poole, because Mr. Poole was not doing anything for Defendant Campbell and Mr. Poole was "more against him than for him;" (4) during the course of being transferred from one detention facility to another, Defendant Campbell had misplaced the discovery package provided to him by Ms. Voss and Mr. Poole had not replaced it.

After careful review of the motion [Doc. 52] and arguments made by Attorney Poole and Defendant Campbell, the Court **DENIED** the motion [Doc. 52]. The Court noted that Attorney Poole was, in fact, the second attorney appointed to represent the defendant, and that defendant's prior request for new counsel appeared to be predicated on defendant's not being able to "get along" with counsel. The Court further noted that each attorney appointed to represent the defendant was experienced in federal court and had appeared and performed quite competently in this Court in the past.

Specifically, with regard to the grounds indicated by Defendant in support of his motion for removal of Attorney Poole, the Court found that on July 20, 2006 Attorney Poole had filed a Motion to Suppress [Doc. 45]. Second, Attorney Poole indicated that he was working with the government through informal agreements rather than motions to obtain copies of all relevant police cruiser video tape footage of the events of February 16, 2005. This was the discovery motion defendant referenced. Assistant United States Attorney Cook indicated that he would expedite the video duplication process and that Attorney Poole should have a copy of all of the relevant video footage that the government was aware of by Monday, August 21, 2006. Attorney Poole further

2

indicated that he was also in the process of obtaining additional discovery, including: information about the high crime area status of the area where the events of February 16, 2005 occurred; a copy of the video footage of Defendant Campbell's statement; and the names of the officers involved with the events of February 16, 2005, in order to determine if any of the officers had relevant police cruiser video tape footage of the events.

Third, the Court found that Defendant Campbell was not entitled under the discovery rules to some of the information Defendant Campbell was directing Attorney Poole to obtain. Finally, Attorney Poole indicated that he was giving Defendant Campbell a duplicate copy of the discovery package that Defendant Campbell had misplaced. The Court admonished both Attorney Poole and Defendant Campbell to make every effort to work together in this matter. The Court advised Attorney Poole that, given Defendant Campbell's verbalized insight into this matter, Attorney Poole should seek to involve Defendant Campbell more in his case. The Court advised Defendant Campbell to listen to his attorney and to keep in mind that Attorney Poole is an experienced and skilled attorney and more knowledgeable about legal matters than Defendant Campbell.

While the Sixth Amendment guarantees a criminal defendant the right to assistance of counsel, this right is not absolute and it does not guarantee an indigent defendant the right to counsel of his choice. United States v. Cook, 41 F.3d 1508, 1994 WL 637720, *2 (6th Cir. Nov. 10, 1994)(unpublished opinion). To warrant substitution of appointed counsel, a defendant must demonstrate "good cause." Id. Based on the above findings, the Court did not find good cause to remove counsel nor to warrant substitution of appointed counsel and, thus, **DENIED** the defendant's pro se motion [Doc. 52] to remove attorney Poole as counsel of record.

At the hearing, the parties made a joint oral motion to continue the impending August 29, 2006 trial in order that they might gain a ruling on the defendant's motion to suppress. The Court finds the parties' joint oral motion for a continuance to be well taken and finds that the ends of justice served by granting the motion outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). Noting the swiftly approaching August 29, 2006 trial date, the Court finds that the failure to grant a continuance would deprive the parties of adequate time for the Court to consider the suppression motion, hold the necessary evidentiary hearing, and prepare a Report and Recommendation, for the parties to object to the report, for the District Court to rule upon any objections, and for the parties to prepare for trial. 18 U.S.C. § 3161(h)(1)(F), -(J). The Court finds that this process could not be accomplished before the current August 29, 2006 trial date or in less than approximately three (3) months. The Court finds that if the continuance were not granted a miscarriage of justice would occur. 18 U.S.C. 3161(h)(8)(B)(i). Accordingly, the Court **GRANTS** the parties' joint oral motion to continue the trial.

In light of these findings and its granting of the parties' joint oral motion to continue the trial, the Court set a new trial date of **December 4, 2006**. The Court also finds, and the parties agreed, that all the time between the August 18, 2006 hearing and the new trial date of December 4, 2006, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(F), (J), and (h)(8)(A)-(B). With regard to further scheduling, a motion hearing is scheduled for **September 1, 2006, at 9:00 a.m.** to hear the pending suppression motion. No further pretrial conferences shall be scheduled at this time.

Accordingly, it is **ORDERED**:

(1) The Court **DENIES** Defendant Campbell's *Pro Se* Motion to Withdraw Charles I. Poole as Attorney for Defendant [Doc. 52];

(2) The Court **GRANTS** the parties' joint oral motion to continue the August 29, 2006 trial;

(3) The trial of this matter is reset to commence on **December 4, 2006, at 9:00 a.m.,** before the Honorable Thomas W. Phillips, United States District Judge;

(4) All time between the **August 18, 2006** hearing and the new trial date of **December 4, 2006**, is fully excludable time under the Speedy Trial Act for the reasons set forth above; and

(5) An evidentiary hearing is scheduled in this case for **September 1, 2006, at 9:00 a.m.** to hear the pending suppression motion.

**IT IS SO ORDERED.**

                ENTER:

                s/ C. Clifford Shirley, Jr.
                United States Magistrate Judge