**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **No. 3:05-CR-23** |
| | ) | **(Phillips)** |
| **ROBERT DESHAWN CAMPBELL** | ) | |


## MEMORANDUM AND ORDER

On September 20, 2006, the Honorable C. Clifford Shirley, United States Magistrate Judge, filed a 26-page Report and Recommendation (R&R) [Doc. 62] in which he recommended that defendant's motions to suppress evidence seized in this case and to suppress statements made by defendant [Docs. 45, 55] be denied. Thus, Judge Shirley recommended that the firearm, ammunition and drugs that were seized during the search of defendant on February 16, 2005, be admitted at trial, as well as all statements made by defendant subsequent to his arrest on February 16, 2005.


This matter is presently before the court on defendant's timely objections to the R&R [Doc. 67]. As required by 28 U.S.C. § 636(b)(1), the court has now undertaken a *de novo* review of those portions of the R&R to which defendant objects. For the reasons that follow, the court finds itself in agreement with Judge Shirley's thorough analysis of the legal issues arising from the suppression hearing conducted by him on September 1, 2006.

Consequently, defendant's objections will be overruled, the R&R will be accepted in whole, and the underlying motions to suppress will be denied.

The primary issue in this case is whether the officers' seizure of defendant on February 16, 2005, was constitutionally permissible. Defendant first challenges Judge Shirley's credibility findings. At the suppression hearing, the government introduced the testimony of KPD Investigator Todd Gilreath and KPD Investigator James Claiborne, both of whom were present during the search of Max's on February 16, 2005. In response, defendant introduced only the testimony of Stuart Branner.

The R&R clearly reflects that Judge Shirley carefully weighed and evaluated the testimony of all of the witnesses. Judge Shirley found that defendant was seized when Investigator Claiborne ordered him to get on the ground and place his hands behind his head and defendant complied. At that point, the officers had to have reasonable suspicion to detain defendant. Judge Shirley found, giving due weight to the experience and specialized training of the officers, that (1) defendant was located in a high crime area; (2) defendant took evasive action as the officers approached; (3) defendant was on the premises of an area where a search warrant was being executed; and (4) it was reasonable for the officers to believe that defendant was serving as a lookout for the criminal activity occurring inside the searched premises. Judge Shirley found, based on these facts, that the officers had reasonable suspicion to believe defendant could have been serving as a lookout and criminal activity was afoot. Thus, Judge Shirley concluded, based on the

totality of the circumstances, that the officers had reasonable, objective suspicion to conduct a *Terry* detention and investigation. The undersigned agrees.

Judge Shirley found the testimony of defendant's witness, Stuart Branner, to be less credible than that of the officers. Judge Shirley noted that Branner was a long-time friend of defendant. In addition, Branner himself had a small baggie of marijuana on him at the time of the raid. These facts, combined with Branner's admission that he was focusing on the police activity around him, not on the defendant, made him a less reliable witness than the two officers.

Defendant's next objection to the R&R is that the citations of authority relied upon by Judge Shirley to authorize the stop of defendant outside Max's pertain to detaining and searching residents and occupants during the execution of search warrants for private residences, and not business establishments open to the public. The court finds this distinction without merit.

In *Michigan v. Summers,* 452, U.S. 692 (1981), the United States Supreme Court held that "for Fourth Amendment purposes . . . a warrant to search for contraband founded on probable cause implicitly carries with it the limited authority to detain the occupants of the premises while a proper search is conducted." *Id.* at 705. *See also United States v. Fountain*, 2 F.3d 656, 660-65 (6th Cir. 1993) (*Summers'* rule applies to non-residents on the premises at the time of the search); *United States v. Bohannon,* 225 F.3d

615, 617 (6th Cir. 2000) (*Summers* and *Fountain* authorize detention of those coming and going from the premises where a search warrant is being executed); *United States v. Burchett,* 310 F.3d 937, 943 (6th Cir. 2002) (summarizing the Sixth Circuit's previous interpretations and extension of *Summers* to (1) allow police to detain non-residents who are present at the scene of a search warrant execution and (2) allow police to detain individuals who arrive at the scene of a search).  Additionally, the Supreme Court has held that unprovoked flight from an officer in a high crime area creates reasonable suspicion. *Illinois v. Wardlow,* 528 U.S. 119, 124-26 (2000).  Consequently, defendant's objections on this basis will be overruled.

For the foregoing reasons, as well as the reasons articulated by Judge Shirley in his R&R, defendant's objections to the R&R [Doc. 67] are hereby **OVERRULED** in their entirety whereby the R&R [Doc. 62] is **ACCEPTED IN WHOLE.**  Accordingly, defendant's motions to suppress evidence [Docs. 45, 55] are **DENIED** in their entirety, whereby the court will allow the introduction of the firearm, ammunition, and drugs taken from the defendant, as well as any statements made by him subsequent to his arrest, at the trial of this matter, which is presently set for December 4, 2006.

**ENTER:**

      s/ Thomas W. Phillips     
United States District Judge