UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 3:05-CR-23 |
| | ) | (PHILLIPS/SHIRLEY) |
| ROBERT DESHAWN CAMPBELL, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and by Order [Doc. 83] of the Honorable Thomas W. Phillips, United States District Judge, for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter is before the Court for consideration of the defendant's Motion to Continue [Doc. 81], filed on March 12, 2007, and heard on March 27, 2007. Assistant United States Attorney Steven Cook was present, representing the government. Stephen Ross Johnson was present, representing the defendant, Robert Deshawn Campbell ("Campbell"), who was also present.

In his motion [Doc. 81], Campbell asks the Court to extend the motion deadline, the trial date, and all other corresponding deadlines. In support of his motion, Campbell argues a continuance is necessary to allow requests, filed pursuant to the Criminal Justice Act, to be approved or declined by the Sixth Circuit, and to allow counsel an opportunity to evaluate the psychiatric and psychological issues in this case. If convicted, the defendant faces a mandatory minimum term of incarceration of forty-five years. The defendant has been evaluated by Bureau of Prison staff at FMC Lexington and FMC Butner. The expert opinions have been largely divergent. FMC

Lexington found the defendant incompetent, delusional, paranoid, and suffering from a psychiatric disorder. FMC Butler had an alternate diagnosis, but confirmed that the defendant has a bullet lodged in the frontal lobe of his brain. The government did not file a response to the defendant's motion.

At the hearing, the government asserted it was concerned about delaying the trial, but also asserted that the issues raised by the defendant were important issues, meriting review. Attorney Cook specifically noted that defense counsel was not known for specious or frivolous requests, and that, though the government desired a speedy trial, the interests of justice would not be furthered by denying the defendant's request for a continuance. Accordingly, the government ultimately stated that it had no objection to a continuance of the trial and believed such to be in the best interests of justice for both the defendant and the public.

The Court questioned the defendant as to whether he understood that his counsel had requested a continuance. The defendant asserted that he understood and agreed to the requested continuance and believed the continuance to be in his best interest.

Due to the gravity of the case, legitimate psychiatric and psychological issues, and pending Criminal Justice Act authorization requests, the Court **GRANTS Defendant's Motion to Continue [Doc. 81] as to the trial date.** The trial of this case was set for April 11, 2007. As asserted by the parties at the hearing, justice demands that the defendant have an opportunity to attempt to obtain further expert psychological and psychiatric services prior to the trial of the case and that more time is needed, making it unreasonable to expect preparation for trial to occur within the time limits set by the Speedy Trial Act. Counsel for all parties agreed and the Court finds the ends of justice served by granting the motion outweigh the best interests of the public and the

defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). The Court finds that it would not be reasonable to expect the defendant to effectively prepare for trial within the time limits given by the Speedy Trial Act, even taking into account counsel's due diligence. See 18 U.S.C. § 3161(h)(8)(B)(ii). The Court also finds that the failure to grant a continuance in this case would result in a miscarriage of justice. See 18 U.S.C. § 3161(h)(8)(B)(ii). In light of these findings and its granting of the motion, the Court set a new trial date of **August 7, 2007, at 9:00 a.m.** The Court further finds that the period of time between the prior trial date of April 11, 2007, and the new trial date of August 7, 2007, shall be fully excludable as provided by the Speedy Trial Act. 18 U.S.C. 3161(h)(8)(A)-(B).

Accordingly it is **ORDERED:**

1. The defendant's Motion to Continue [Doc. 81] is **GRANTED as to the trial date;**

2. The defendant's Motion to Continue [Doc. 81] is **DENIED as to resetting all other corresponding dates and the motions deadline.** If a need for a specific motion arises, the defendant may file a motion for leave to file said motion;

3. The trial of this matter is reset to commence on **August 7, 2007 at 9:00 a.m.** before the Honorable Thomas W. Phillips, United States District Judge; and

4. All time between April 11, 2007, and the new trial date of August 7, 2007, shall be fully excludable under the Speedy Trial Act.

**IT IS SO ORDERED.**

**ENTER:**

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge