UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA, )
 )
v. ) No. 3:05-CR-23
 ) (Phillips)
ROBERT DESHAWN CAMPBELL )

## MEMORANDUM AND ORDER

This matter is before the court on defendant's motion to exclude proposed opinion testimony by the government [Doc. 98]. Defendant first argues that the government's notice of expert testimony is insufficient under Fed.R.Crim.P. 16; second, that the proposed opinion testimony does not satisfy the requirements of the Supreme Court as established in *Daubert* and *Kumho Tire;* and third, that the proposed testimony constitutes improper opinion evidence on determinative legal conclusions.

The government responds that it has provided a written summary of the testimony of each expert witness, as well as the witnesses' opinions and the bases and reasons for those opinions. The government has also provided curriculum vitae of the chemist and has set forth the law enforcement witnesses' qualifications. The court finds that the government has fully complied with Rule 16.

As to the *Daubert* challenge to the government's proposed expert witnesses, the government points out that it is well-settled in the Sixth Circuit and in every other Circuit that has addressed this issue that a law enforcement officer may testify regarding the method and operation of drug dealers, as such information is beyond the ken of the average juror. *See United States v. Thomas,* 74 F.3d 676 (6th Cir. 1996).

Federal Rule of Evidence 702 provides that if "specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto. . . ." The Sixth Circuit has allowed police officers to testify as expert witnesses about criminal activity since knowledge of such activity is generally beyond the understanding of the average layman. *See United States v. Thomas,* 74 F.3d 676, 682 (6th Cir. 1996). Further, police officers are routinely allowed to testify that circumstances are consistent with distribution of drugs rather than personal use. *See United States v. Swafford,* 385 F.3d 1026, 1029-30 (6th Cir. 2004); *United States v. Jones,* 81 Fed. Appx. 45, 48 (6th Cir. 2003); *United States v. Dillard,* 78 Fed. Appx. 505, 514-15 (6th Cir. 2003); *United States v. Quinn,* 230 F.3d 862, 866 (6th Cir. 2000). Therefore, the court finds defendant's position is without merit.

Accordingly, for the reasons stated above, defendant's motion to exclude opinion testimony [Doc. 99] is **DENIED**.

**ENTER:**

      s/ Thomas W. Phillips
United States District Judge