UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CR-23 |
| | ) | (PHILLIPS/SHIRLEY) |
| ROBERT DESHAWN CAMPBELL, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the defendant's Motion to Release Psychological Test Material and Original Test Data [Doc. 110], filed on April 30, 2008. On April 7, 2008, the undersigned ordered [Doc. 108] that Dr. Karen B. Milliner of FMC Lexington and Dr. Kimberly Kirkland of FMC Butner produce to defense counsel, the government, and the Court all underlying data regarding any mental evaluation or treatment of the defendant. The staff at FMC Lexington complied with this order, and FMC Butner's staff complied in part.

On April 25, 2008, the Court received a letter and a packet of information from the attorney at FCC Butner stating that Dr. Kirkland was submitting the original test data only to the Court and asks "that any subsequent release or dissemination of said data be limited to production to a licensed psychologist who is qualified to interpret psychological test data and is bound by the profession's code of conduct." In his Motion, the defendant requests the release of the original test data to defense counsel, noting that any concerns about the security of the information can be allayed by a protective order pursuant to Fed. R. Crim. P. 16(d)(1).

On September 9, 2008, the Court met with defense counsel in chambers to discuss various *ex parte* matters. At that time, the Court asked defense counsel to submit a draft protective order to the Court for the release of the original test data. The Court received this draft protective order from defense counsel on September 29, 2008.

The Court has reviewed the information submitted by FMC Butner as original test data and finds it to be of the type that the Court ordered released to counsel for the parties in April. Moreover, the Court perceives no reason why this information cannot be released as previously ordered, especially if released under seal and under a protective order. See Fed. R. Crim. P. 16(d)(1). Accordingly, the defendant's Motion to Release Psychological Test Material and Original Test Data [**Doc. 110**] is **GRANTED**. The original test data shall be **RELEASED** to the defendant and the government **under seal**. The Court further **ORDERS** that disclosure by counsel for the defendant or the government is to be limited to persons directly involved in the preparation of the instant case, such as any consulting psychologists or psychiatrists. Copies of the original test data disclosed to persons directly involved in the preparation of the case shall be accompanied by a copy of this order. Upon conclusion of the case, to include any appellate or collateral review proceedings, any copies of the original test data, which have been disclosed by the parties, are to be destroyed.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge