UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CR-23 |
| | ) | (PHILLIPS/SHIRLEY) |
| ROBERT DESHAWN CAMPBELL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on the defendant's Motion to Continue [Doc. 115] his October 6, 2008 trial date. This motion was referred [Doc. 117] to the undersigned on September 16, 2008. See 28 U.S.C. § 636(b). In the motion, the defendant states that he has requests for funding, pursuant to the Criminal Justice Act, pending approval. He states that these requests directly relate to matters of trial preparation. Once he gains Sixth Circuit approval for these requests, he will need time for the actual services to be performed in order to prepare for trial.

The Court held a hearing on the motion on September 18, 2008. Assistant United States Attorneys Steven H. Cook and Gregory Weddle appeared on behalf of the government. The defendant was present and was represented by Attorney Stephen Ross Johnson. Defense counsel restated his need for a continuance in order to obtain approval for funding for defense services relating to trial preparation. He stated that once funding was approved, the work would be performed expeditiously. The government opposed a continuance of the trial but agreed that the Court has carefully considered the defendant's *ex parte* matters in determining the necessity of a

1

continuance. It noted that one of its experts would be unavailable from November until mid-February. Both parties agreed on a trial date of March 10, 2009.[1] The Court found that in light of the need for time for Sixth Circuit approval of the funding requests, for the experts to perform their work and write reports, potentially for the government to contest these reports or seek its own experts, for any motions and hearings relating to the experts, and for the parties to prepare for trial, a continuance of the trial is well-taken. The Court found and both parties agreed that all time between the hearing and the new trial date was fully excludable under the Speedy Trial Act.

The Court addressed the defendant, who expressed disdain for how long it was taking to go to trial. The Court explained to the defendant that much of the time leading up to his trial had been unavoidable and that the additional time was necessary for his attorney to be prepared to present his defense. The Court stated its firm expectation that this continuance of the trial would be the very last and that the March trial date was a date certain for both sides.

The Court finds the defendant's Motion to Continue [Doc. 115] to be well taken and finds that the ends of justice served by granting a continuance outweigh the interest of the defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). As stated at the hearing, the defendant is awaiting Sixth Circuit approval of requests for funding for defense experts and services. The undersigned has carefully scrutinized defense counsel's *ex parte* requests in this regard. Once the defendant receives approval, he will need time to prepare for trial by having his experts perform the requested services and prepare reports. These reports may be the basis for additional motions and hearings. See 18 U.S.C. § 3161(h)(1)(F) & (J). Moreover, the government may seek to hire its own

---

[1] The parties agreed to a March 3, 2009 trial date at the hearing but later agreed that the date be changed to March 10, 2009, because a defense expert had a conflict with the earlier date.

2

experts in response to these reports.  Finally, the parties will need time to prepare for trial in light of these reports.  The Court finds that all of this cannot take place before the October 6, 2008 trial date, or in less than five months.  Thus, without a continuance, counsel for the defendant would not have the reasonable time necessary to prepare for trial despite his use of due diligence.  See 18 U.S.C. § 3161(h)(8)(B)(iv).

Accordingly, the defendant's Motion to Continue [**Doc. 115**] the October 6, 2008 trial date is **GRANTED**, and the trial of this matter is reset to **March 10, 2009**.  The Court also finds and the parties agreed that all the time between the September 18, 2008 hearing and the new trial date of March 10, 2009, is fully excludable time under the Speedy Trial Act for the reasons set forth herein.  See 18 U.S.C. § 3161(h)(1)(F) & (J), -(8)(A)-(B).

Accordingly, it is ordered:

(1) The defendant's Motion to Continue [**Doc. 115**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **March 10, 2009, at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge; and

(3)  All time between the **September 18, 2008** motion hearing and the new trial date of **March 10, 2009**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein.

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

3