UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:05-CR-23 |
| v. ) | (PHILLIPS/SHIRLEY) |
| ) | |
| ROBERT DESHAWN CAMPBELL, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This criminal action is before the Court pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the Order [Doc. 132] of the Honorable Thomas W. Phillips, United States District Judge, for disposition of the defendant's Motion in Limine to Admit Dr. Millicent M. Taylor's Opinion Testimony on the Relationship, if Any, of the Firearm at Issue to Interstate Commerce. [Doc. 131] The defendant moves the Court to find that the testimony of the defendant's proposed expert, Dr. Millicent M. Taylor ("Dr. Taylor"), on the issue of firearms traveling through interstate commerce is admissible pursuant to Rule 702 of the Federal Rules of Evidence, as well as Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579 (1993), and its progeny.[1] As grounds, the defendant states that Dr. Taylor's testimony is relevant, reliable, and will assist the trier of fact, and therefore should be admitted. The government opposes the motion, arguing that under current Sixth Circuit law, Dr. Taylor's testimony is irrelevant, and thus her opinions should be excluded. [Doc. 147]

---

[1] The Court notes that, traditionally, Daubert is invoked by the opposing party in order to preclude the admission of an opposing expert, but here the defendant preemptively moves the Court to determine the admissibility of the defendant's expert, rather than awaiting a challenge by the government. In light of the looming trial date, the Court will proceed with its analysis of the instant motion, despite its somewhat unusual posture.

The defendant brings the instant motion pursuant to Rule 702 of the Federal Rules of Evidence and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. The trial judge must act as a gatekeeper, admitting only that expert testimony that is relevant and reliable. Daubert, 509 U.S. at 589. With regard to scientific knowledge, the trial court must initially determine whether the reasoning or methodology used is scientifically valid and is properly applied to the facts at issue in the trial. Id. To aid the trial court in this gatekeeping role, the Supreme Court has listed several key considerations: (1) whether the scientific knowledge can or has been tested; (2) whether the given theory or technique has been published or been the subject of peer review; (3) whether a known error rate exists; and (4) whether the theory enjoys general acceptance in the particular field. Id. at 592-94. The Court's focus "must be solely on principles and methodology, not on the conclusions that they generate." Id. at 595. "[T]he test under Daubert is not the correctness of the expert's conclusions but the soundness of his methodology." Daubert v. Merrell Dow Pharmaceuticals, Inc., 43 F.3d 1311 (9th Cir. 1995).

Although Daubert centered around the admissibility of scientific expert opinions, the trial court's gatekeeping function applies to all expert testimony, including that based upon specialized or technical, as opposed to scientific, knowledge. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147-48 (1999); Berry v. City of Detroit, 25 F.3d 1342, 1350 (6th Cir. 1994). The trial court's

2

objective "is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." Kumho Tire, 526 U.S. at 152. The trial judge enjoys broad discretion in determining whether the factors listed in Daubert reasonably measure reliability in a given case. Id. at 153. The party proffering the expert testimony bears the burden of showing its admissibility under Rule 702 by a preponderance of the evidence. Daubert, 509 U.S. at 592 n. 10. With this framework in mind, the Court will now address the defendant's motion.

The Court first notes that the defendant, while asking the Court to admit Dr. Taylor's opinion testimony, at no point in his motion states the substance of Dr. Taylor's opinions. Rather, the defendant simply states that he should have a right to rebut the government's "interstate nexus" expert. Although he references the Daubert factors governing reliability, the defendant never proffers any evidence that Dr. Taylor's testimony meets any of those factors. Additionally, while the defendant argues the blanket statement that testimony by economists has been found admissible under Rule 702 and Daubert, and cites numerous cases, not one appears to relate to an economist testifying in this type of case.

However, in reviewing Dr. Taylor's report, it appears clear that the core of her opinion is that the gun allegedly in the possession of the defendant was not necessarily purchased by the defendant from a "primary dealer," and thus, in the absence of such a business transaction, defendant's possession of the firearm had no real or material impact or effect on interstate commerce. [See Dr. Taylor's Expert Report, Doc. 130-3 and 4] Defendant therefore argues that Dr. Taylor's opinion is relevant to the interstate nexus requirement of his alleged violation of 18 U.S.C. § 922(g).

18 U.S.C. § 922(g) provides, in pertinent part, that

> [i]t shall be unlawful for any person -- (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Id. In interpreting the interstate nexus requirement of 18 U.S.C. § 922(g), the Sixth Circuit has held that it is not necessary for a jury "to find that [a] firearm had a substantial effect on interstate commerce", but rather, "the government must prove that the firearm in question had traveled in interstate commerce prior to [the defendant's] possession of it and that this fact could be proven by showing that prior to the date of the crime the firearm had crossed a state line." United States v. Nance, 481 F.3d 882, 885 (6th Cir. 2007) (citing United States v. Henry, 429 F.3d 603, 619-20 (6th Cir. 2005)). (See also Scarborough v. United States, 431 U.S. 563, 564 (1977) (proof that a possessed firearm previously traveled in interstate commerce is sufficient to satisfy the interstate nexus.)

Applying Sixth Circuit law to the instant case, the Court finds that Dr. Taylor's testimony would be irrelevant, as the government need only show that the firearm, at some point in time, crossed a state line prior to defendant's alleged possession of the firearm and at some earlier time impacted or affected interstate commerce, a point which Dr. Taylor concedes in her report.[2] The Court further finds that Dr. Taylor's opinions would not be helpful to the trier of fact, but, instead, would pose an undue risk of confusing the jury as to the proper legal standard. Accordingly, the

---

[2] "The product in this case, a handgun, was not manufactured in Tennessee. At some point in its transit into the state . . . there would have been an impact on interstate commerce in an earlier period of time." [Doc. 130-3]

4

Court finds that Dr. Taylor's testimony satisfies neither <u>Daubert</u>, nor Rule 702, and also runs afoul of Rule 403 of the Federal Rules of Evidence because of the potential for confusion of the issues.

While the Court appreciates the defendant's arguments as to recent movement in the law, and recognizes the defendant's need to preserve this issue for appeal, the Court is bound by Sixth Circuit and Supreme Court precedent, and that precedent clearly rejects the defendant's position. Accordingly, the defendant's motion **[Doc. 131]** is hereby **DENIED**, and Dr. Taylor's testimony is hereby excluded.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge