UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CR-23 |
| | ) | |
| ROBERT DESHAWN CAMPBELL, | ) | (PHILLIPS/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on the defendant's Motion *in Limine* to Exclude Opinion Testimony on the Ultimate Issues of Diminished Capacity or Insanity Pursuant to Federal Rule of Evidence 704(b) [Doc. 134] and Motion in Limine to Admit Mental Health Testimony to Rebut or Make More or Less Probable the Mental State Elements of the Charged Offenses [Doc. 136], which were referred [Docs. 138 and 141] to the undersigned on February 25 and March 2, 2009. In ruling upon the issues stated therein, the Court has considered the government's response [Doc. 142] and the defendant's reply [Doc. 149], both of which address both motions.

Defendant Campbell stands indicted [Doc. 73] on five counts as follows: Count One–"knowingly" and "intentionally" distributing crack cocaine in January or February 2005; Count Two–"knowingly" possessing a firearm in furtherance of the drug trafficking crime charged in Count One; Count Three–"knowingly" possessing a firearm on February 16, 2005,

1

after having previously being convicted of a felony; Count Four–"knowingly" and "intentionally" possessing crack on February 16, 2005, with intent to distribute; and Count Five–carrying a firearm in furtherance of the drug trafficking crime charged in Count Four. The defendant asks [Doc. 134] the Court to enter an order preventing expert witnesses from testifying to the ultimate issue of whether he "did or did not have diminished capacity or was or was not legally insane during the time period of the" alleged crimes. He also requests [Doc. 136] that the Court enter an order recognizing his "right to present mental state evidence to rebut or make more or less probable the *mens rea* elements of the" charged offenses. In this regard he argues that testimony about his mental health is admissible to show that he lacked the specific intent required by the crimes. He also contends that should the Court find that he is charged with any general intent crimes, the testimony regarding his mental health is circumstantial evidence to prove that he was a drug addict and a drug user rather than a drug dealer.

        The government takes issue [Doc. 142] with these requests on three primary bases: First, it contends that the question of whether the defendant was sane at the time of the offenses is not an ultimate issue in this case because the defendant cannot make a prima facie showing of insanity by clear and convincing evidence in order to place the issue before the jury. Second, while it agrees that mental health testimony is admissible with regard to specific intent crimes, it maintains that the three gun crimes with which the defendant is charged are general intent crimes. It also asserts that the mental health testimony that the defendant seeks to present is irrelevant as to the specific intent crimes in this case because his expert's reports reveal that the experts can offer no testimony on the defendant's ability to form the intent to distribute drugs Third, the government asserts that 18 U.S.C. §17 prohibits testimony on whether the defendant

2

possessed drugs for personal use or distribution.

## I. ANALYSIS

### A. Ultimate Issue

The Court wholeheartedly agrees with the defendant's basic assertion, which is revealed in the title of his motion, that expert witnesses are prohibited from testifying on the ultimate issue of whether the defendant was sane or insane at the time of the offenses or that he was not able to form the specific intent necessary to commit a crime. Rule 704(b) of the Federal Rules of Evidence provides that

> "[n]o expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues are matters for the trier of fact alone."

The crux of the issue herein is set forward in the government's pleading when it contests whether the defendant is or can raise the affirmative defense of insanity at trial.

Congress permits a defendant to assert insanity at the time of the offense as an affirmative defense:

> It is an affirmative defense to a prosecution under any Federal statute that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts. Mental disease or defect does not otherwise constitute a defense.

18 U.S.C. §17(a). The defendant shoulders the burden of proof with regard to this affirmative defense and must prove it by clear and convincing evidence. 18 U.S.C. §17(b). In the present

3

case, the government contends that the defendant should not be allowed to present an insanity defense to the jury because he cannot show that he was insane by clear and convincing evidence. In this regard, it states that neither of the defendant's experts, who have examined the defendant, could find that he was insane at the time he possessed the weapon charged in Count Three. Accordingly, because the defendant cannot prove insanity by clear and convincing evidence, it maintains that mental health testimony is irrelevant.

The defendant's reply suggests that he does intend to raise an insanity defense at trial. He maintains that expert testimony on his lengthy history of mental diseases and brain injuries is relevant to an insanity defense. He argues that his experts' testimony about the predicate facts of his mental state and the characteristics of his mental disorder(s) are admissible precisely because their conclusions on the ultimate issue (that he was not insane at the time of the offense) are inadmissible and left for the jury to determine. If after the experts testify, the District Court finds that an instruction on the insanity defense is not warranted, the Court may limit the use of the mental health testimony in deliberations by providing instructions to that effect.

The government argues that the defendant is entitled to present an insanity defense only if the evidence, viewed in the light most favorable to the defendant, would permit a reasonable jury "to find that in sanity has been shown with convincing clarity." It encourages the Court to adopt the standard set forth by the Eleventh Circuit in United States v. Owens, which holds that an instruction on the insanity defense is mandated only "[i]f [the] evidence would permit the jury to find to a high probability that [the] defendant was insane." 854 F.2d 432, 435 (11th Cir. 1988). The Court notes that the Sixth Circuit has not adopted the Owens

4

standard to date. Instead, the prerequisite for pursuing an insanity defense is the filing of a notice under Rule 12.2(a), Federal Rules of Criminal Procedure. See United States v. Cox, 826 F.2d 1518, 1521 (6th Cir. 1987). If the defendant fails to provide the 12.2(a) notice timely, the court may permit the notice to be filed late upon a showing of good cause. Fed. R. Crim. P. 12.2(b); see Cox, 826 F.2d at 1521. "'"Cause" consists not only of explanation for the belatedness of the party's action, but also of a showing of some merit in the position belatedly to be advanced.'" Cox, 826 F.2d at 1521 (quoting United States v. Duggan, 743 F.2d 59, 80 (2d Cir.1984)). Accordingly, the court in Cox upheld the trial court's exclusion of the insanity defense based upon the defendant's failure to file the 12.2(a) notice or to show the merit of his insanity defense upon his request to late file the notice of same. Id. In the present case, the defendant has complied with the 12.2(a) notice requirement. [See Doc. 17]

The Court is not prepared at this juncture to prohibit the defendant from presenting a defense of insanity based upon the government's assertions. The District Court, once it listens to the mental health evidence presented, will be in a much better position to determine whether an instruction on the insanity defense is warranted. Accordingly, the defendant's motion [**Doc. 134**] to prohibit the experts from testifying on the ultimate issues of whether he meets or fails to meet the legal definition of insanity or whether he possessed or lacked the specific intent necessary to commit the crimes is **GRANTED**.[1] The other issues at which the defendant's motion on the ultimate issue [Doc. 134] hints and which his motion on

---

[1] The government's suggestion, noted in a footnote of its response, that it should be able to present expert testimony on the findings that the defendant was not insane at the time of the offense since this is not an ultimate issue in this case is moot in light of the Court's ruling. Nevertheless, the Court questions the relevance of such testimony if the Court had determined that insanity was not an ultimate issue in the case.

5

permitting mental health testimony [Doc. 136] raises (such as the extent to which the mental health testimony exclusive of the ultimate issue is admissible to negate elements of the charged offenses) will be analyzed in the remainder of this opinion.

### B. General and Specific Intent Crimes

The government contends [Doc. 142] that the mental health testimony from the defendant's experts is only admissible with regard to Counts One and Four, which alleged specific intent crimes, and not Counts Two, Three, and Five, which are general intent crimes. The defendant asserts that the mental health testimony is admissible for all five of the charged offenses: It is admissible with regard to the drug offenses because they are specific intent crimes, and it is admissible as to the gun counts predicated upon the drug counts because they reference and incorporate the specific intent drug crimes. Finally, he asserts that Count Three, which charges him with being a felon in possession, is a specific intent crime because the government must prove that he possessed the firearm "voluntarily and intentionally, and not because of mistake or accident."

Distinctions in the type of intent, general or specific, required for the commission of a given crime turn upon the mental state specified in the statute. The Sixth Circuit has explained the difference between specific and general intent crimes:

> "[A] specific intent crime is one that requires a defendant to do more than knowingly act in violation of the law. The defendant must also act with the purpose of violating the law. The violation of a general intent statute, by contrast, requires only that a defendant 'intend to do the act that the law proscribes.'" [United States v. Gonyea,] 140 F.3d [649,] 653 [(6th Cir. 1998)] (Citations omitted.) In other words, "a general intent crime requires the knowing commission of an act that the law makes a crime. A

6

specific intent crime requires additional 'bad purpose.'" United
States v. Kleinbart, 27 F.3d 586, 592 n.4 (D.C. Cir.1994) (citations
omitted).

United States v. Kimes, 246 F.3d 800, 806-07 (6th Cir. 2001), cert. denied, 534 U.S. 1085 (2002). A conviction for distribution of controlled substances or possession of controlled substances with intent to distribute requires that the person acted "knowingly or intentionally." 21 U.S.C. § 841(a)(1). Neither party questions and the caselaw is clear that Counts One and Four, which allege distribution of drugs and possession with intent to distribute, are specific intent crimes. See United States v. Davis, 547 F.3d 520, 527 (6th Cir. 2008) (holding that distribution of crack cocaine, a violation of 21 U.S.C. § 841(a)(1), is a specific intent crime); United States v. Lattner, 385 F.3d 947, 957 (6th Cir. 2004) (reasoning that "when a defendant is charged with a specific intent crime, such as possession with intent to distribute, 404(b) evidence is admissible to prove intent"), cert. denied, 543 U.S. 1095 (2005).

In the present case, the government argues that although mental health testimony is generally admissible to negate a specific mental state, the Court should not permit the mental health testimony proposed in this case because nothing in the defense experts' reports suggests that the defendant is suffering from a mental disease or defect that prevented him from forming the intent to distribute drugs. It relies upon Mallett v. United States, in which the Court held that the defendant did not receive the ineffective assistance of counsel due to counsel's failure to investigate whether he was competent to stand trial or to present diminished capacity evidence at trial. 334 F.3d 491, 498 (6th Cir. 2003). In determining that the defendant was not prejudiced by his attorney's strategic decision not to present evidence of diminished capacity, the Court noted that the psychologist's "report does not suggest that Mallett was unable to form the

7

specific intent to distribute drugs." Id. It also noted that presentation of such mental health testimony in an attempt to show that the defendant did not have the specific intent to distribute drugs would have opened the door to "much damaging information," such as his prior convictions for selling crack to an informant. Id. The court's finding that Defendant Mallett was not prejudiced by his attorney's failure to present the mental health testimony is not tantamount to a finding that such testimony was irrelevant and could not have been presented to negate intent if the attorney had so chosen. Accordingly, Mallett does not inform the Court's decision on whether the proposed mental health testimony of Defendant Campbell's experts is irrelevant. To the contrary, the Court cannot find that the mental health testimony is patently irrelevant at this juncture. The strength of the mental health evidence to actually negate specific intent is a matter for the jury and will be tested in the crucible of the trial.

On the other hand, the violations of 18 U.S.C. § 924(c) alleged in Counts Two and Five are general intent crimes. See United States v. Brown, 915 F.2d 219, 225 (6th Cir. 1990) (analyzing whether 18 U.S.C. § 924(c)(1) is a specific intent crime). The Sixth Circuit has explicitly held that section 924(c)(1) is "not a specific intent offense[.]" Id. The same is true with regard to the violation of 18 U.S.C. § 922(g), which is alleged in Count Three. See United States v. Willis, No. 97-4091, 1999 WL 591440, at *4 (holding that "this Circuit has specifically recognized that a violation of § 922(g) is a general intent crime"), cert. denied, 528 U.S. 1032 (1999). In Willis, the court affirmed the district court's exclusion of the defendant's expert psychologist's testimony because the defendant was charged with being a felon in possession of a firearm, a general intent crime. Id. at *4-6.

Diminished capacity, wherein a defendant asserts that his mental condition

8

prevents him from forming the *mens rea* required to commit the crime, is not a defense to general intent crimes. Kimes, 246 F.3d at 806, see also 18 U.S.C. § 17. Accordingly, the defendant may not present expert testimony of his mental health in order to negate the mental state required to commit Counts Two, Three, and Five.

### C. Relevance of Mental Health Testimony to Issues Other Than *Mens Rea*

Finally, the defendant contends that the mental health testimony is relevant to show that he is a drug addict and user rather than a drug dealer. The government contends that this is an impermissible use of the mental health testimony because 18 U.S.C. § 17 prohibits the use of mental health evidence for reasons other than asserting an affirmative defense of insanity or negating the specific intent required by a crime. Although the Court tends to agree with the government on this issue, it is a distinction without a difference in this case. The Court finds that it does not need to reach the issue of the relevance of the mental health testimony to whether the defendant is a drug dealer or user because it has already held that the mental health testimony is admissible to negate the specific intent required in the drug offenses. The mental health testimony is not admissible to negate the *mens rea* required by the gun offenses because they are general intent crimes. Moreover, the Court finds that whether the mental health testimony also tends to show that the defendant is a drug user rather than a drug dealer is irrelevant to the gun crimes and only potentially relevant to the drug crimes, for which it has already been deemed admissible. Accordingly, the Court holds that the defendant's proposed use of the mental health testimony to show that he is more likely a drug user rather than a drug dealer is irrelevant to the gun crimes.

9

## II. CONCLUSION

Based upon the Court's review of the parties' briefs and the caselaw, it is ordered that:

(1) The defendant's Motion *in Limine* to Exclude Opinion Testimony on the Ultimate Issues of Diminished Capacity or Insanity Pursuant to Federal Rule of Evidence 704(b) [**Doc. 134**] is **GRANTED**. Experts may not testify to the ultimate issues of the defendant's sanity or insanity at the time of the offenses or whether he possessed the specific mental state required by the crimes, and

(2) The defendant's Motion in Limine to Admit Mental Health Testimony to Rebut or Make More or Less Probable the Mental State Elements of the Charged Offenses [**Doc. 136**] is **GRANTED in part** in that the defendant is permitted to present mental health testimony to support his affirmative defense of insanity and to negate the specific mental state required by the drug offenses alleged in Counts One and Four. The mental health testimony is inadmissible to negate the intent required by the gun crimes alleged in Counts Two, Three, and Five. The undersigned encourages the District Court to instruct the jury as to the limited admissibility of the mental health testimony with regard to its relevance to the defendant's specific intent.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge