UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CR-23 |
| | ) | (PHILLIPS/SHIRLEY) |
| ROBERT D. CAMPBELL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter is before the Court on the Government's Motion to Strike Late Filed Pleadings [Doc. 140]. The Defendant has filed a response in opposition [Doc. 146].

In its Motion to Strike [Doc. 140], the Government moves this Court to strike or deny certain motions filed by the Defendant. Specifically, the Government takes issue with the filing of the Defendant's motions *in limine* including: Motion *in Limine* to Exclude Expert Testimony on Interstate Nexus [Doc. 122], Motion *in Limine* to Bar Reference to Defendant Campbell's Prior Convictions [Doc. 123], Motion *in Limine* Regarding a Proposed Defense Expert Witness on Interstate Nexus [Doc. 131], and Motion *in Limine* to Exclude Testimony on Issues of Diminished Capacity [Doc. 134].

The Government notes that the trial of this matter has been reset numerous times because of pending motions and other pretrial delays. The Government cites to the Court's previous order [Doc. 85] explaining that the Defendant's motion deadline will not be extended further absent

1

a request by the Defendant and the Court giving leave to file.  The Government argues that under Federal Rule of Criminal Procedure 12(c), the Defendant has waived his right to file objections or motions, absent relief from the Court.

In his Response [Doc. 146], the Defendant argues that motions *in limine* are distinguished from and have a different deadline from other pretrial motions.  The Defendant argues that motions *in limine* are governed by the deadline set out in the pretrial order [Doc. 80] entered on February 26, 2007, which states:

> **(f) Additional Motions**.  No more motions, **other than motions in limine**, will be allowed to be filed in this cause of action by either side without prior leave of Court to do so, since the motion cut-off date has passed.  All motions in limine must be filed at least five (5) working days before trial.  Response to motions in limine are due at least two (2) working days before trial.

[Doc. 80, emphasis added].  The Defendant maintains that the motion *in limine* deadline—like the 404(b) notice and expert disclosure deadlines, [see Doc. 41]—is tied to the trial date and thus changes to correspond to the trial date.

The Court agrees with the Government that Federal Rule of Criminal Procedure 12 outlines the Court's authority to set deadlines for pretrial motions and that motions not filed in compliance with that deadline may be denied or stricken as untimely.  However, this Court, when setting the deadline for motions, specifically differentiated between general pretrial motions and motions *in limine*.  In the pretrial order [Doc. 80], the Court stated that the general deadline for motions had passed, but the Court excepted motions *in limine* from this general deadline and stated that such motions could be filed up until five (5) working days before trial.  All the motions *in limine* with which the Government takes issue were timely and therefore, all the motions *in limine* are not late-filed.

2

Based upon the foregoing, the Court finds that the Motion to Strike **[Doc. 140]** is not well-taken, and it is **DENIED**

    **IT IS SO ORDERED**.

    ENTER:

    <u>  s/ C. Clifford Shirley, Jr.  </u>
    United States Magistrate Judge