UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CR-23 |
| | ) | (PHILLIPS/SHIRLEY) |
| ROBERT D. CAMPBELL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All motions *in limine* in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. [Doc. 141]. This matter is before the Court to address the Defendant's Motion *in Limine* to Exclude Any Reference to Defendant's Alleged Prior Gang Affiliation During Incarceration Before the Alleged Offenses in the Second Superseding Indictment [Doc. 145]. The Government did not respond to the motion.

At 11:00 p.m. on Monday, March 2, 2009, Assistant United States Attorney Steve Cook ("AUSA Cook") sent defense counsel an email stated that, "As reflected in the evidentiary hearing transcripts and pleadings previously filed in this case, the United States intends to introduce evidence of Defendant Campbell's gang membership during trial." [Doc. 145-1]. In the email, AUSA Cook states that the notice in the email is being made out of an abundance of caution because it is his belief that the Defendant was already on notice of the Government's intent to use this evidence. In response to this email, the Defendant filed his Motion *in Limine* to Exclude [Doc. 145], which moves this Court for entry of an order prohibiting the Government from introducing any

1

evidence that references or implies an alleged gang affiliation by the Defendant during his previous incarceration. The Defendant presents numerous arguments in favor of exclusion; the Court will address each of these in turn.

First, the Defendant argues that the notice given is not sufficiently clear or particular and, therefore, does not comport with the requirements of Federal Rule of Evidence 404(b). The Defendant maintains that the only mention of the alleged gang affiliation in the discovery provided to the Defendant was a short portion of the videotaped interview between the Knoxville Police Department and the Defendant [Doc. 133-2 at 10-11]. The interview indicated that the Defendant was a member of the vice lords gang while in state prison, but the interview also indicated that the Defendant's affiliation ended approximately two years before his release from prison and that he has not affiliated with a gang since that time.

Federal Rule of Evidence 404(b) allows admission of other crimes, wrongs, or acts to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. The Defendant claims that the Government's notice is not specific enough to demonstrate how it relates to the present charges. See United States v. Bakke, 942 F.2d 977, 982 (6th Cir.1991) (construing the relevancy requirement of Rule 404(b) to require "the proponent of the other crimes evidence [show] that the tendered evidence relates to a matter that is 'in issue' in the case on trial"); see also United States v. Zelinka, 862 F.2d 92, 99 (6th Cir.1988) (holding that district court erred by admitting similar-acts evidence "without requiring the prosecutor to show its relevance and the necessity for its admission").

Assuming that the Government's notice is sufficient, the Defendant argues in the alternative that any evidence of the Defendant's previous gang affiliation is inadmissible and

2

improper propensity evidence. As stated above evidence of prior wrongs, crimes, or acts is admissible under Rule 404(b) to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. However, such evidence is not admissible "to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). In the Sixth Circuit, evidence of prior acts is only admissible under Rule 404(b) if it meets a four-part test: (1) the evidence must be directed toward establishing something other than a party's propensity to commit the act charged; (2) the other act must be similar enough and close enough in time to be relevant to the matter at issue; (3) the evidence must be such that the jury could find that the act occurred and that the party in question committed it; and (4) the prejudicial effect of the evidence must not clearly outweigh its probative value. McLeod v. Parsons Corp. 73 Fed.Appx. 846, 854 (6th Cir. 2003).

The Defendant contends that the purpose of the gang affiliation is to show that if the Defendant "was previously in state prison and affiliated with a gang while in prison, then he must have participated in the drug transactions and gun violations charged in the instant indictment." [Doc. 145 at 5]. The Defendant concedes that evidence of prior gang affiliation is admissible in drug cases where the defendant's role in a charged gang conspiracy that facilitates drug distribution is at issue. United States v. McCuiston, 183 Fed.Appx. 474 (5th Cir. 2006) (finding no abuse of discretion where the district court admitted evidence of defendant's gang affiliation, in prosecution for conspiracy to distribute methamphetamine, where evidence that defendant and his co-conspirators began to distribute methamphetamine under gang auspices was probative of nature of their relationship and was intrinsic to showing defendant's involvement in single conspiracy spanning many years and changing conditions, and district court gave appropriate limiting

3

instruction). However, the Defendant argues that the facts of this case are wholly distinguishable from cases where admission of prior gang affiliation is appropriate because there is no allegation or evidence of conspiracy or involvement by a gang in the charged drug trafficking crimes. See, e.g. United States v. Wheeler, 67 Fed. Appx. 296, 300 (6th Cir. 2003) ("The introduction of evidence of [defendant's] gang involvement appears to have no probative value as to the charge of conspiracy to distribute marijuana. The evidence seems to create the inference of [defendant's] involvement in a drug conspiracy from his association with a notorious gang. . . . Therefore, this testimony would appear to be prejudicial and the district court erred in admitting it.") Further, the Defendant argues that even if the gang affiliation was relevant, the dangers of unfair prejudice, confusion of issues, misleading the jury, undue delay, waste of time, and needless presentation of cumulative issues substantially outweighs any probative value.

The Defendant also preemptively contends that there is no basis for the Government to argue that the Defendant's prior gang affiliation is intertwined with or intrinsic to the acts alleged in the Superseding Indictment. No Rule 404(b) notice is required for intrinsic conduct, but the Court of Appeals for the Sixth Circuit has held that intrinsic acts are those acts that are part of a single criminal episode. United States v. Barnes, 49 F.3d 1144, 1149 (6th Cir. 1995). The Defendant maintains that a gang affiliation, which by all indications ended prior to the Defendant's release from prison, was long before the charged offenses and is in no way part of the criminal episode addressed in the Superseding Indictment.

Finally, the Defendant argues that admission of the Defendant's gang affiliation would impermissibly deprive him of a fair trial and due process of law under Amendment V and VI of the United States Constitution.

4

Looking to the four-part test laid out by the Court of Appeals for this circuit, the Court concludes that the Government has failed to show that the evidence of gang affiliation is directed toward establishing something other than the Defendant's propensity to commit the act charged and has failed to show that the affiliation is similar enough and close enough in time to be relevant to the current drug and firearm charges. McLeod, 73 Fed.Appx. at 854. The Defendant has not been charged with conspiracy nor do any of the drug or firearm charges in this case reference or tie to any prior gang affiliation. [See Doc. 73]. There is no evidence that the drugs in issue were distributed through or as a component of a gang affiliation, which the Defendant extinguished years before. Similarly, there is no evidence demonstrating that the firearm was in any way tied to or used to further gang activities. The lack of relevant ties between the prior gang affiliation and the charges in the present case is further reinforced by the time that elapsed between the two. The Defendant was released from prison in July 2004, and all the evidence currently before the Court indicates that he discontinued his gang affiliation approximately two years before his release, mid-2002. The current charges stem from an incident in February 2005, over two and a half years later. Based on the foregoing, the Court finds that the evidence of gang affiliation does not meet the first two prongs required for admission of Rule 404(b) evidence by the Sixth Circuit Court of Appeals and, therefore, finds exclusion of evidence of the Defendant's gang affiliation while in state prison is appropriate. Because the Court finds that the evidence does not meet the first two prongs, the Court need not address the other two prongs—strength of the evidence and prejudicial effect.

Further, the Court cannot find that the gang affiliation while in state prison is intertwined with or intrinsic to the acts alleged in the Superseding Indictment. As stated above, intrinsic acts are those acts that are part of a single criminal episode, Barnes, 49 F.3d at 1149, and

5

for the reasons more fully explained in the previous paragraph, there is no basis for finding that the firearm and drug charges stemming from February 2005 and the Defendant's prior affiliation with a gang prior to mid-2002 form a single criminal episode.

Finally, because this order excludes admission of the Defendant's gang affiliation during his tenure in state prison, the Defendant's argument that admission of such evidence would impermissibly deprive him of a fair trial and due process of law under Amendment V and VI of the United States Constitution is moot.

Accordingly, the Court finds that the Defendant's Motion *in Limine* to Exclude Any Reference to Defendant's Alleged Prior Gang Affiliation During Incarceration Before the Alleged Offenses in the Second Superseding Indictment **[Doc. 145]** is well-taken, and it is **GRANTED**. The Government is hereby precluded from introducing evidence of the Defendant's gang affiliation during his incarceration in state prison.

**IT IS SO ORDERED**.

ENTER:

 s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge