UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:05-CR-23 |
| | ) | (PHILLIPS/SHIRLEY) |
| ROBERT D. CAMPBELL, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate and all Motions *In Limine* have been referred to the undersigned [Doc. 141] and this one in particular [Doc. 132]. This matter is before the Court on defendant's Motion *In Limine* To Exclude Government's Proposed Opinion Testimony On Interstate Nexus [Doc. 122]. The government has filed a Response [Doc. 128].

Defendant seeks to exclude the testimony of Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") Agent Bernard Waggoner on the issue of Interstate Nexus. Agent Waggoner is expected to testify among other matters, that the firearms in issue were manufactured outside the state of Tennessee and as such, to reach Tennessee they must necessarily have affected Interstate Commerce.

Defendant's first objection is that ATF Agent Waggoner's proffered opinion testimony regarding the place of manufacture is not proper opinion testimony, does not qualify as "scientific, technical or specialized knowledge" under Federal Rule of Evidence 702, and is merely

1

hearsay testimony.

While defendant references cases regarding the general requirements of opinion testimony and cases regarding the admission or exclusion of opinion testimony in cases unrelated to testimony by ATF Agents in "felon in possession" cases - the government cites to specific related cases. Indeed there are numerous cases in the Sixth Circuit which have held that testimony by ATF Agents, with similar qualifications to Agent Waggoner, is permissible. The Court also notes several other cases which support the admissibility of such testimony.

In <u>United States v. Hollon</u>, 16 F.3d 1222(6th Cir 1994), the Court of Appeals for the Sixth Circuit faced a similar hearsay argument and similar testimony by an ATF Agent. The Court, in affirming the admission of such testimony stated:

> Next, defendant argues that he was denied a fair trial because the trial court admitted alleged hearsay testimony of ATF Special Agent James Stubbs. Relevant to this issue are counts 1 and 6, which charged defendant with possession of firearms by a felon and with receipt of firearms by a controlled substance user, respectively. An element common to both of these crimes is that the firearms move in interstate commerce. The government sought to establish this element with the testimony of Stubbs.
>
> The government presented Stubbs as an expert for the determination of the location of manufacture of firearms. Stubbs was trained to determine the origin of firearms and was the resident expert on this subject in the ATF office in Grand Rapids, Michigan. Stubbs had received special training in determining the origin of firearms and in evaluating whether a firearm has traveled in interstate commerce. Joint App. at 67. Stubbs estimated that he has prepared statements concerning the "interstate nexus" requirement for firearms crimes in approximately 70 to 80 cases over the last two and one-half years. Id. at 69. Defense counsel did not dispute Stubbs' expertise or object to the court's decision to allow him to testify as an expert in this area. Defense counsel did object on the grounds that Stubbs' purported conclusion that the firearms in issue had been manufactured outside of Michigan and thus had traveled in interstate commerce was based upon hearsay information.

2

Defendant argues that while Federal Rule of Evidence 703 provides that an expert may base his opinion upon facts or data that are not admissible in evidence, it prohibits the use of inadmissible hearsay as substantive evidence. Defendant asserts that Stubbs' conclusions about the manufacturing origin of the firearms, which he alleges are based upon hearsay information, are inadmissible to establish the interstate transportation element of counts 1 and 6.

Stubbs testified that in addition to his experience he relies upon the following when determining where a firearm was manufactured: ATF research materials; consultation with the ATF firearms technical branch; contact with firearms manufacturers; and by looking at the firearms themselves, which have the place of manufacture stamped right on the firearms. Joint App. at 70. In the instant case, however, Stubbs' testimony, which consisted of in-court identification of ten firearms that were seized during the October 31, 1991 search of defendant's home, was based upon information he obtained by looking at the firearms themselves. All ten firearms had a stamp indicating either the name of the manufacturer or the name and location of the manufacturer. Based upon his experience and knowledge, Stubbs testified that he knew the city and state where each manufacturer was located; none of the manufacturers produced firearms in the state of Michigan.FN2 As an expert, Stubbs may rely on hearsay evidence when he identifies the place of manufacture of a firearm. Here, he formed his opinion based upon his experience, personal knowledge and examination of the firearms. The evidence was admissible.

That same year the Court of Appeals for the Sixth Circuit faced a similar argument in United States v. Vincent, 20 F.3d 229 (6th Cir. 1994) and stated:

Count 3 charged defendant with knowingly receiving and possessing in and affecting interstate commerce a fully loaded Colt Mark 45, a .45 caliber semi-automatic pistol, while being an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3). Defendant argues that the evidence does not support the charge in this count because in establishing that the pistol was manufactured in a state other than Michigan, and thus affecting interstate commerce, the expert witness called by the government relied on hearsay evidence. Although defendant acknowledges that an expert may at times rely upon information and evidence which is inadmissible, he argues that in this case it was impermissible for the expert to testify as to what others told him about the pistol because the effect "was to

3

> cause the admission of hearsay as substantive evidence." Brief of Appellant 30.
>
> "[P]roof that the firearm was manufactured outside the state in which the possession occurred is sufficient to support a finding that the possession was in or affected interstate commerce." <u>United States v. Jones</u>, 533 F.2d 1387, 1393 (6th Cir.1976), cert. denied, 431 U.S. 964, 97 S.Ct. 2919, 53 L.Ed.2d 1059 (1977). The government may satisfy its burden of establishing that the firearm was manufactured outside the state in which the possession occurred by presenting the testimony of a witness who, through personal experience, knows the place of manufacture of the firearm and by making the witness available for cross-examination. <u>United States v. Simmons</u>, 773 F.2d 1455, 1460-61 (4th Cir.1985). Such testimony does not constitute hearsay. Id. at 1461.
>
> The government satisfied its burden of establishing that the Colt Mark 45 was manufactured outside the state of Michigan through the testimony of Carlo J. Rosati, a firearms and tool marks examiner employed by the Bureau of Alcohol, Tobacco & Firearms. Rosati testified that the pistol was manufactured by the Colt Firearms Company in Hartford, Connecticut. When asked how he was able to determine where the pistol was manufactured, Rosati stated that he was personally aware that Colt firearms are manufactured in Connecticut. Moreover, while Rosati was on cross-examination, the district court asked him whether Colt manufactures any firearms in the State of Michigan. Rosati responded that it does not. The district court then asked Rosati: "Have they ever to the best of your knowledge?" J.A. 240. Rosati again answered in the negative. Thus, contrary to defendant's suggestion, Rosati did not rely exclusively on hearsay evidence in testifying as to the origin of the Colt firearm.

<u>Id.</u> at 236-37.

Later in <u>United States v. Miller</u>, 59 F. App'x 81 (6th Cir. 2003) with regard to the sufficiency of similar testimony by another ATF Agent the court stated:

> Special Agent Nicholas Vouvalis of the Bureau of Alcohol Tobacco and Firearms ("ATF") was allowed to testify, without objection, as an expert witness for the purpose of determining the interstate nexus of the firearm. He stated that the markings on the firearm indicated that it had been "manufactured in Spain by Llama and imported into the United States by RSA Enterprises in Ocean, New Jersey," so that it had traveled in interstate commerce....

4

Miller contends that the district court committed plain error by allowing Vouvalis's expert testimony regarding the interstate nexus element of the alleged violation of 18 U.S.C. § 922(g)(1), which forbids a felon to "possess ... or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." Specifically, Miller asserts that Vouvalis's analysis, which consisted of looking at the weapon and interpreting its identifying marks, failed to satisfy Fed.R.Evid. 702, which requires the testimony [to be] based upon sufficient facts or data, ... [to be] the product of reliable principles and methods, and ... the witness [to have] applied the principles and methods reliably to the facts of the case." Miller points out that Vouvalis could not determine the date of the firearm's manufacture, nor did he do any follow-up work to verify that it had indeed been manufactured in Spain and imported into New Jersey.

Vouvalis testified that he had been an ATF Special Agent for nearly fourteen years and had been the firearms interstate nexus expert for the Cleveland office since 1992. He attended the interstate nexus school in California, which instructed him in determining "the different points of origin for manufacture of firearms and ammunition and the importation of such firearms." He had also taken an advanced interstate nexus course three or four years prior to the instant case. Vouvalis stated that approximately fifty percent of his time was spent as an interstate nexus expert, that he had testified in court proceedings in the Northern District of Ohio, and that he had rendered his expert opinion regarding the origin of a firearm fifty to sixty times. He also testified, from his personal knowledge, that Llama firearms are not among those brands manufactured in the state of Ohio, and that RSA has no direct importing offices located in Ohio.

This testimony is sufficient to establish the interstate nexus of the instant offense. This court has held that "proof that the firearm was manufactured outside the state in which the possession occurred is sufficient to support a finding that the possession was in or affected interstate commerce." United States v. Jones, 533 F.2d 1387, 1393 (6th Cir.1976). Further, "[t]he government may satisfy its burden of establishing that the firearm was manufactured outside the state in which the possession occurred by presenting the testimony of a witness who, through personal experience, knows the place of manufacture of the firearm and by making the witness available for cross-examination." United States v. Vincent, 20 F.3d 229, 236 (6th Cir.1994). Vincent found the interstate nexus established where an

5

ATF agent testified that he was personally aware that Colt firearms are manufactured in Connecticut, and that they were not (and never had been) manufactured in Michigan. Id. at 236-37. Vincent affirms the admissibility of such testimony despite its hearsay nature. Additionally, though defense counsel's questioning in the instant case intimated the possibility that the weapon is a counterfeit, this court has previously upheld testimony similar to Vouvalis's over such an argument. United States v. Ward, Nos. 95-1109, 95-1178, 1996 WL 20506, (6th Cir.1996) (noting that "[t]he defense offered no evidence, or even a plausible theory, suggesting that the weapon was a counterfeit."). Accordingly, the district court did not commit plain error by allowing Vouvalis's testimony.

Again in United States v. Vasser, 163 F. App'x 374 (6th Cir. 2006) when confronted with the admissibility of an ATF Agent regarding the place of a firearm's manufacture and testimony as to the Interstate nexus requirement the Court of Appeals for the Sixth Circuit noted:

> Alcohol, Tobacco, Firearms, and Explosives ("ATF") Special Agent Alan Oxley testified that he had examined the three firearms in question and determined that they were manufactured outside Tennessee and that they necessarily moved in interstate commerce to be in Tennessee......
>
> 2. Expert Testimony of Alan Oxley
>
> Second, Vasser argues that the government failed to establish Oxley's expertise in the interstate nexus of firearms. Further, Vasser contends that no attempt was made to demonstrate how Oxley "arrived at his determination of interstate transfer or what source of information he used." Vasser argues, without so stating, that Oxley was not properly qualified as an expert.
>
> Vasser's sole objection to the admissibility of Oxley's testimony at trial was based on his counsel's opinion that recent problems with ... ATF [made it] quite obvious that the in-house training [was] insufficient.
>
> Under 18 U.S.C. § 922(g), the government must prove beyond a reasonable doubt that the defendant possessed or received a firearm which has been transported in interstate commerce. Consequently, the interstate nexus element was met if the government demonstrated that Vasser possessed the firearm in a state other than the one in which it

6

> was manufactured. The government proved the interstate nexus element of the crime through Oxley's expert testimony. See United States v. Glover, 265 F.3d 337, 344-45 (6th Cir.2001).
>
> We review the issue of expert testimony admissibility for an abuse of discretion. United States v. Tocco, 200 F.3d 401, 418 (6th Cir.2000). We repeatedly have found law enforcement officers' expert testimony admissible where it will aid the jury's understanding of a concept, such as the interstate nexus requirement of Section 922(g), "not within the experience of the average juror." United States v. Thomas, 74 F.3d 676, 683 (6th Cir.1996). Thus a properly qualified expert may testify that, in his opinion, a firearm was manufactured outside the state where it was found, "when an essential element of the crime was movement of the [firearm] in interstate commerce." Glover, 265 F.3d at 345.
>
> Oxley was properly qualified to testify as to the location of the firearms' manufacture and therefore as to his opinion whether the firearms had traveled in interstate commerce. He had over fifteen years of law enforcement experience and had been employed by ATF for nearly six years. He demonstrated specialized training in the area of interstate nexus identification and had testified as an interstate nexus expert in federal court over sixty times. Accordingly, the district court did not abuse its discretion in ruling that Oxley was qualified to testify by "knowledge, skill, experience, training, or education," that his testimony concerned technical or other specialized knowledge, and that his testimony would assist the jury in understanding the evidence or in determining a fact in issue. Fed.R.Evid. 702.

Id. at 376-77.

More recently in United States v. Robinson, 205 F. App'x 415 (6th. Cir. 2006), the Court of Appeals for the Sixth Circuit discussed this issue once more and with regard to the propriety of an ATF Agent testifying regarding the manufacture of a firearm stated:

> At trial, the government introduced the testimony of Bureau of Alcohol, Tobacco and Firearms and Explosives (ATF) Special Agent David Hall for the purpose of showing the origin of the gun to prove the interstate commerce nexus element of the charge. Hall testified that he had examined between 50 and 100 Bryco firearms and that, to his knowledge, Bryco's current and previous manufacturing

7

locations included Costa Mesa and Irvine, California, and Nevada. He testified that he knew of no other Bryco manufacturing facilities besides those in Nevada and California. He further testified that on the side of the Bryco firearm obtained from Robinson there was a stamp stating "Bryco Arms" and "Costa Mesa, California, U.S.A." Hall further explained that he conducts research on information for testimony utilizing records saved on compact discs maintained by the ATF. These records contain the addresses of firearms manufacturers, which they are required to provide to the ATF.........

1. Interstate Commerce Nexus

The district court properly ruled that sufficient evidence existed to support the interstate nexus element of the crime under the statute. The weapon in question bore the inscriptions "Bryco Arms" and "Costa Mesa, California, U.S.A." "[P]roof that a firearm was manufactured outside the state in which the possession occurred is sufficient to support a finding that the possession was in or affected commerce." Watkins v. United States, 564 F.2d 201, 204 (6th Cir.1977).

Other circuits have recognized that the manufacturer's inscription on a firearm alone is evidence sufficient to prove that the weapon traveled in interstate commerce. See, e.g., United States v. Clay, 355 F.3d 1281, 1286-87 (11th Cir.2004) (finding no error in admission of firearm with imprint for purposes of establishing interstate commerce nexus); United States v. Brantley, 68 F.3d 1283, 1288 (11th Cir.1995) (firearm seized in Florida and bearing inscription of manufacture in Atlanta gave a "clear indication of interstate commerce"). We similarly hold that a manufacturer's inscription on a firearm can be sufficient evidence to prove that the firearm traveled in interstate commerce.

2. Expert Testimony

Notwithstanding the persuasiveness of the firearm's inscription, the government presented additional evidence through Hall. Hall personally examined numerous Bryco firearms and was familiar with Bryco's historical manufacturing locations in California and Nevada. It has long been recognized that "[t]he government may satisfy its burden of establishing that the firearm was manufactured outside the state in which the possession occurred by presenting the testimony of a witness who, through personal experience, knows the place of manufacture of the firearm and by making the witness available for

8

cross-examination." United States v. Vincent, 20 F.3d 229, 236 (6th Cir.1994). These criteria were satisfied in the present case and the jury properly relied on the firearm's inscription, as well as on any additional testimony offered by Hall, in convicting Robinson under the statute charged.

The district court also properly admitted the testimony of Hall despite the exclusion of his written report. As we noted in Vincent, the testimony of an expert witness regarding a firearm's place of manufacture is "not hearsay." Id. Furthermore, Robinson failed to move to strike Agent Hall's testimony at trial. Admission of the testimony was not an abuse of discretion.

Id. at 416-17.

These cases and the cases cited therein, along with United States v. McBee, 295 F. App'x 796 (6th Cir. 2008) (a recent case, out of this Court, and involving the same defense counsel) stand for the proposition that Scarborough v. United States, 431 U.S. 563 (1977) is still good law, and that the government can meet the required commerce clause nexus by showing that the possessed firearm has at some time traveled in interstate commerce. Pragmatically, this means that the government can meet this nexus requirement by proof that a firearm possessed in Tennessee was manufactured outside the state and hence at some time traveled in interstate commerce.

Admittedly the cases cited herein base their holdings on somewhat different reasoning. See, e.g., Hollon 16 F.3d 1222 (holding an expert ATF Agent can rely on hearsay evidence as to identify the place of manufacturing, when his opinion is based on his experience, personal knowledge, and examination, and relying heavily on firearms stamps); Vincent, 20 F.3d 229 (holding that testimony of an ATF Agent who through personal knowledge knows the place of manufacture of the firearm and who is available for cross examination, is not hearsay); Miller, 59 F. App'x 81 (holding expert testimony by an ATF Agent sufficient where the ATF Agent testified the markings on the firearm indicated it was manufactured outside the United States and so had

9

traveled in interstate commerce and that from his personal knowledge the firearm was not manufactured in the state of possession); Vasser, 163 F. App'x 374 (holding an ATF Agent, properly qualified by experience, specialized training in interstate nexus identification and prior testimony as an expert in interstate nexus, may testify as to where a firearm was manufactured and offer his opinion whether it had traveled in interstate commerce, as "technical or specialized knowledge" which would assist the jury's understanding of a concept (interstate nexus) not within the expertise of an average juror, and determining a fact in issue); and Robinson, 205 F. App'x 415 (holding a manufacturer's inscription on a firearm can be sufficient evidence to prove the firearm traveled in interstate commerce, and that an ATF Agent with personal knowledge of the place of manufacture, who had examined similar firearms and was familiar with the manufacturing locations of such firearms was sufficient expert testimony and was not hearsay).

However, it appears to the Court that these case stand for the proposition that an ATF Agent with the qualifications including training, experience, education, and knowledge, possessed by ATF Agent Waggoner, and whose testimony is based on the matters set for in his reports, may testify as an expert witness that the firearms in issue were manufactured outside the State of Tennessee and at sometime traveled in interstate commerce, and that such testimony is sufficient to support a finding establishing the interstate commerce nexus.

Accordingly, the Court finds the Defendant's Motion *In Limine* To Exclude Government's Proposed Opinion Testimony On Interstate Nexus **[Doc. 122]** is not well-taken, and it is **DENIED**.

**IT IS SO ORDERED**.

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge