UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:05-CR-23 |
| | ) | (PHILLIPS/SHIRLEY) |
| ROBERT D. CAMPBELL, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter is before the Court on defendant's Motion *In Limine* To Bar The Introduction Of, Or Reference To, Mr. Campbell's Prior Convictions Either As Proof That He Violated 18 U.S.C. § 922(g) or as Propensity Evidence, And To Redact The Nature Of Any Prior Convictions From All Documents And Any Testimentary Evidence [Doc. 123]. The government filed a Response [Doc. 129] and the defendant filed a Reply [Doc. 133].

Defendant seeks a bar on the introduction or reference to any of defendants prior convictions: (1) either as proof he violated 18 U.S.C. § 922(g); (2) or as propensity evidence; and (3) that all references to such prior convictions be redacted.

Defendants motion, to the extent it is limited as titled, seeks to bar the introduction or reference to defendant's prior convictions as 1) proof he violated 18 U.S.C. 922(g) and 2) as propensity evidence, is well taken and it does not appear to be contested by the government. Simply put, the first part of defendant's motion appears to be an invocation of Old Chief v. United States,

1

519 U.S. 172 (1997), which provides that the government is required to accept defendant's stipulation to previous qualifying felony convictions that satisfies the governments burden of proof as to that element of 18 U.S.C. § 922(g)(1), and that neither the name nor nature of the prior offense is to be disclosed to the jury. Defendant states in his brief that such a stipulation will be entered into. As such, defendant is correct that the number, nature and substance of defendant's prior convictions are inadmissible as proof of that element, in that charge (i.e. count 3 of the Second Superseding Indictment). The government's response does not address this issue.

Likewise the title of the defendant's motion seeks to bar such prior convictions from admission as propensity evidence. This appears to be a 404(b) argument, which specifically deems that evidence of other crimes or wrongs are not admissible for the purpose of showing or proving "action in conformity therewith". That rule however contains exceptions to the admission of evidence for other purposes, but still bars the admission for the purpose of use as propensity evidence. On this issue the government appears to agree. Thus, to the extent defendant seeks to simply exclude evidence of his prior convictions as "propensity evidence" only, his motion again appears to be well taken.

Finally, the title of defendant's motion also seeks to "redact the nature of any prior convictions from all documents and any testimony evidence." Again to the extent, and in the context that this relates to Count 3 (felon in possession of a firearm) and to the Old Chief stipulation, this part of the motion appears to be well taken. In that limited context and to that limited extent, it seeks to prevent the government from doing through the back door (i.e. admitting the number, nature, name and substance of defendant's prior criminal convictions) that which it could not do through the front door (as barred by Old Chief). Again the government does not address the redaction issue at all in its response.

Thus, based on the title of defendant's motion and those portions of defendant's brief addressing these issues as limited above, the motion appears to be well taken.

However, a careful reading of the defendant's motion and brief indicates that defendant is also seeking relief far beyond that stated in the title of the motion. It is with regard to this relief that the government's response is directed. While it could be argued that such matters are beyond the actual motion made by defendant, the Court will nonetheless address them as they are likely to impact the trial of this matter and are clearly in dispute between the parties.

The extraneous relief sought by defendant appears to be a request for a blanket bar to the introduction of defendant's prior convictions for virtually any purpose. The Court arrives at this conclusion because of the defendant's motion and brief which argues that such prior felony convictions are inadmissible under Rules 404(b), 608, 609(a) and (b). This Court has previously ruled in <u>United States of America v. Jarnigan</u>, (Case No. 3:08-CR-07, Doc. 33) that with regard to a indictment that <u>only</u> charges 922(g)(1) offenses (in that case Count 1 being a felon in possession of a firearm and Count 2 being a felon in possession of ammunition), the government may not circumvent the rule in <u>Old Chief</u> and the defendant's stipulation, (either in its case in chief or in cross examination of the defendant or witnesses), under the guise of Federal Rules of Evidence 609(a)(1) or Federal Rules of Evidence 403. The Court still holds that in such cases, where the <u>only</u> charges against a defendant are 922(g)(1) charges, and where defendant has offered to stipulate to a qualifying felony, that the government is precluded from attempting to introduce the number, nature, name or substance of defendant's prior felony convictions under the aforementioned rules of evidence.[1]

---

[1] Although the Court in <u>Jarnigan</u> was not called upon to rule and did not rule whether a similar bar would apply with regard to a Federal Rules of Evidence 404(b) or Federal Rules of

3

However, this case involves other counts including other firearm charges, drug charges, and involves additional elements for the government to prove.

The Court notes, for guidance and clarification, that the mere fact that the defendant has one count (Count 3) that is subject to <u>Old Chief</u> (and the bar to introducing the name or nature of the prior convictions) does not operate as a bar to the potential for admitting the prior convictions with regard to the other charges. See <u>United States v. Kemp</u>, 546 F.3d 759 (6th Cir. 2008), <u>United States v. Marshall</u>, 226 Fed. Appx. 551, 554 (6th Cir. 2007), <u>United States v. Beamsus</u>, 110 Fed. Appx. 513 (6th Cir. 2004), <u>United States v. Oguogu</u>, 234 F.3d 1270 (6th Cir. 2002).

## **MENTAL CONDITION / INSANITY DEFENSE**

In addition, the defendant has given notice of his intent to present expert evidence of a mental condition bearing on the issue of guilt and/or to assert a defense of insanity.

The prior convictions in issue, per the governments response, appear to be:

1) Facilitation of second degree murder 1998

2) Aggravated assault 1997

3) Aggravated robbery 1997

4) Aggravated robbery 1997

With regard to defendant's insanity defense, the government notes that defendant acknowledges "virtually all of the information he seeks to exclude from the jury was included in his confession to the police, in his medical and psychiatric records" and that "most if not all of the information at issue was presented to and considered by the various examiners." The government

---

Evidence 609(b) argument, (See footnotes 2 & 3 of Doc. 33), it should appear obvious from the Courts ruling and reasoning that in a case involving only 922(g)(1) charges, a similar ruling might be likely regardless of the Federal Rules of Evidence involved.

relied upon United States v. Bradshaw, 935 F.2d 295, 302 (D.C. Cir. 1991) and United States v. Diekoff, 535 F.3d 611, 618 (9th Cir. 2008) in support of its argument that the defendant's raising of an insanity defense puts his "state of mind in issue." With this argument the court generally agrees, and finds both cases cited support such a broad proposition. However, Bradshaw goes on, in the same sentence to state "and a criminal record for similar acts is highly relevant to the basis for and reliability of the witnesses' testimony about the defendant's appreciation for the unacceptability of his conduct" Bradshaw, at 302 (emphasis added). In Bradshaw, the defendant was charged with bank robbery and attempted bank robbery. The prior convictions were for bank robbery and attempted bank robbery, forgery and fraud. In Diekoff, the defendant was charged with kidnapping, using a firearm during a crime of violence, and being a felon in possession of a firearm. The prior conviction in issue was for kidnapping. The Court in Diekoff noted "the fact that Diekoff had committed a similar kidnapping offense in the past made it more likely that he understood that the activity underlying the charged offense was wrong as well" citing Bradshaw. The Court also noted that his prior kidnapping offense showed "he was mentally capable of planning a complicated criminal act." The Court later quoted the relevance of "similar acts" from Bradshaw as set forth above.

The Court also notes the case of United States v. Ruster, 712 F.2d 409 (9th Cir. 1993), in which a defendant was charged with making false claims. There the defendant also alleged insanity. The government sought to introduce "references to several previous false claims and break ins in which he was involved." Id. at 411. The Court noted that the issue for the jury was whether the defendant was sane when he made the false claims and stated "as the trial judge recognized, the previous similar criminal acts were relevant to the jury's evaluation of Ruster's expert's testimony

5

as to his mental state during the later offenses," and later referenced the "<u>numerous similar incidents</u>." Id. at 412 (emphasis added).

From all of this, the Court concludes that the admission of prior convictions which are "similar" in nature to the current charges against a defendant are relevant as to defendant's mental state or state of mind and can be inquired into. However, in this case, the defendant argues that the prior convictions for facilitation of murder, assault and robbery are not "similar" to the current charges against the defendant for drug trafficking crimes, carrying a weapon while committing drug trafficking crimes and being a felon in possession of a firearm. Based on the limited evidence before it, the Court agrees with the defendant and finds that the government can not introduce evidence of "unsimilar" prior convictions with regard to the insanity defense on the basis of relevance.

However, that does not end the inquiry. The government has indicated "information at issue," presumably the prior convictions, was presented to and considered by the various examiners" and included in defendant's "medical and psychiatric records." Accordingly, this Court believes that if the experts actually considered and relied upon these prior convictions in reaching their opinions, then they may be inquired into during examination of such experts. More specifically, if the experts merely reviewed these prior convictions, but did not rely upon them in reaching their opinions on sanity, the prior convictions may not be inquired into.

As this issue has not been sufficiently developed for the court to rule on, the parties will need to address this issue with Judge Phillips prior to any inquiry into such prior criminal convictions, and outside the hearing of the jury.

6

**Federal Rule of Evidence 404(b)**

With regard to the admissibility of defendant's prior criminal convictions and "prior criminal activity (including his possession of firearms[2] and gang membership)" (Government's Response Doc. 129, page 7) under 404(b) the defendant argues that his prior crimes, wrongs, and acts are not admissible as they are merely attempts to prove his character to show conformity. The Court has already addressed that argument. The government argues that 404(b) is an inclusive rule because of the numerous non-exclusive exceptions which allow the use of such prior crimes, wrongs, and acts (i.e. such evidence is admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident). The government also points to the Sixth Circuit's four step test for admissibility, and the Court's discretion. The government then notes cases in the Sixth Circuit allowing evidence of drug dealing to establish knowledge, motive or intent to posses firearms. The Court does not quarrel with the Government's recitation of the law and 404(b) analysis. However, the government does not point to a single one of the exceptions in 404(b) as a basis for admission in this case. Nor do any of the prior convictions appear to be based on drug dealing.[3] Accordingly, the government has not sought to establish the first two steps of the four step analysis it sets out. That is, it has not identified "the specific purpose for which it offers the 'other acts' evidence," nor has it provided information for the Court to determine if that identified purpose is material or in issue in the case." Accordingly, based on the information before this Court, there is simply no basis offered by the government, and accordingly none found, for the

---

[2]The Court has not been fully advised as to what this related to.

[3]The Court can not determine if the prior convictions involve firearms or if so, whether they would come within one of the 404(b) exceptions.

7

admission of the referenced prior criminal convictions or prior wrongs under 404(b).

However, the government does state that such information could become admissible under 404(b) depending on the defense presented at trial. The Court agrees and to the extent the government deems some defense may render evidence of these prior crimes, wrongs, or acts admissible under 404(b), it will need to address that with Judge Phillips at that time, and outside the hearing of the jury.[4]

### **Federal Rule of Evidence 609**

The defendant also argues that his prior convictions are not admissible under Federal Rule of Evidence 609(a) as they don't involve dishonesty or false statements under 609(a)(2), and the stricter balancing test for an accused, under 609(a)(1) argues for exclusion under that rule.

The prior convictions for facilitation to commit second degree murder and assault do not involve dishonesty or false statements, and the absence of any argument by the government on this issue is taken as its concession on that point. Robbery is not a crime involving dishonesty or false statement and the government agrees on this. As such, none of the prior convictions appear admissible under 609(a)(2).

The government argues however, that they may be admissible to impeach the defendant's credibility under 609(a)(1) depending on whether he testifies (thereby putting his credibility in issue) or he places in evidence, directly or through cross examination, hearsay statements of the defendant—by virtue of Federal Rule of Evidence 806. The Court agrees that such

---

[4]The Court notes the defendant argues none of these exceptions apply because defendant has not asserted a defense such as would put his credibility in issue. Without going into the difference in these two arguments, the Courts ruling is simply that it can not make that determination before any proof has been admitted.

8

potential exists, and while defendant argues the balancing test under <u>United States v. Meyers</u>, 953 F.2d 914 (6th Cir.1992) is capable of pre-trial determination, the Court disagrees. It is unknown whether defendant will testify, or place into evidence statements that come within the ambit of Federal Rule of Evidence 806, and even if such occurs, argument will have to be heard as to <u>Meyers</u> factors:

> 1. The impeachment value of the prior crime;
>
> 2. The point in time of the prior conviction and the defendant's subsequent history;
>
> 3. The similarity between the prior crime and the charged crime;
>
> 4. The importance of the defendant's testimony; and
>
> 5. The centrality of the credibility issue.

All of this to be based on the time offered at trial, the nature and extent of the proof, and the overarching 609(a)(1) balancing test requiring that the probative value, outweigh its prejudicial effect to the defendant.

Thus, any ruling on the admissibility of such evidence, most necessarily await its attempted admission, if any, at trial and arguments at that time, and any determination will necessarily have to be made by Judge Phillips and outside the hearing of the jury.

Defendant suggests that 609(b) may bar the admission of such convictions because they are over 10 years old. However, as the government points out in its response, and as defendant concedes, 609(b) provides that it is not the date of conviction but the latter of the date of conviction or the "date of release from of the confinement imposed for that conviction" that applies. The government argues this latter date is July, 2004. As such, 609(b) would not be a bar to the admission of such evidence.

9

Finally, defendant argues that 609(d) bars the admission of any juvenile adjudication. However, that rule only applies to "witnesses other than the accused." As the government has not addressed this issue, nor listed such juvenile adjudication in its list of the defendant's prior convictions, the Court presumes the government does not intend to offer any such evidence as precluded by this rule.

## Federal Rule of Evidence 608

Defendant also argues defendant's prior convictions are not admissible under Federal Rule of Evidence 608. The government neither disputes nor addresses this contention. The Court thus presumes that the government neither intends to offer any "evidence of character or conduct" of the defendant under Federal Rule of Evidence 608. However, even if it did, the determination of the admissibility would depend upon the nature of the evidence offered and whether defendant's credibility or character for truthfulness were in issue. Furthermore, 608(b) relates to conduct <u>other than</u> "conviction of crime as provided in Rule 609."

## REDACTION

Finally, with regard to the redaction of the prior conviction information from any documents that might be admitted, the Court finds that at this juncture the government has not established a basis for the introduction of such convictions, but only the potential for such use, and even then, only if the defendant testifies or admits evidence within Federal Rule of Evidence 806.

On the other hand, defendant has established and the Court has ruled herein, at least with regard to Count 3, the felon in possession charge, that the admission of such evidence through documentary evidence would not be proper in light of <u>Old Chief</u> and the requisite stipulation. As such, the Court feels that initially the introduction of any documents or evidence regarding

10

defendant's prior convictions should be redacted.  However, should defendant testify or introduce or place into evidence statements subject to Rule 806, and should the government be successful in arguing to Judge Phillips for the admission of such prior convictions under the FRE, then the documents may be unredacted (but only as to those prior convictions deemed admissible and only to the extent permitted by Judge Phillips) and such unredacted copies may be admitted as and when permitted by Judge Phillips.  The defendant has submitted proposed redactions, but the government has not addressed these.  The Court orders the parties to meet and confer regarding such initial redactions.  If the parties are unable to reach full agreement, the Court is to be immediately notified and the Court will resolve any remaining disputes.

Wherefore defendant's Motion *In Limine* To Bar The Introduction Of, Or Reference To, Mr. Campbell's Prior Convictions Either As Proof That He Violated 18 U.S.C. § 922(g) or as Propensity Evidence, And To Redact The Nature Of Any Prior Convictions From All Documents And Any Testimentary Evidence  **[Doc. 123]** is **GRANTED IN PART AND DENIED IN PART** as set forth herein.

**IT IS SO ORDERED**.

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge