UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ROBERT D. CAMPBELL, | ) | |
| | ) | |
| Petitioner, | ) | Nos. 3:05-CR-23-PLR-HBG |
| | ) | 3:12-CV-551-PLR |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Petitioner, Robert D. Campbell ("Campbell"), had a violent criminal career, highlighted by convictions for aggravated assault and aggravated robbery, before he was convicted in this case of being a felon in possession of a firearm, possessing and distributing crack cocaine, and possessing a firearm in furtherance of a drug trafficking offense. *United States v. Campbell*, 436 F. App'x 518, 519, 521 (6th Cir. 2011). The Court sentenced Campbell, an armed career criminal, to 360 months in prison, which included the mandated consecutive term of 60 months for possession of a firearm in furtherance of a drug trafficking offense. *Id.* at 522. The Court of Appeals for the Sixth Circuit affirmed the convictions and sentence, *Id.*, and the Supreme Court denied certiorari [Doc. 183].[1]

The facts of the case are not complicated. Law enforcement officers were in the process of executing a state search warrant for evidence of illegal gambling at a building in Knoxville when Campbell was observed attempting to flee the building. *Id.* at 520. When Campbell was quickly apprehended, he stated that he had a firearm on his person. The officers recovered the

---

[1] All citations to the record are found on the docket of case no. 3:05-CR-23-PLR-HBG.

firearm, arrested Campbell, and recovered 0.8 grams of crack cocaine from him. Campbell told officers that he had obtained the firearm from a drug user in exchange for crack cocaine. *Id.*

During the course of this case, the Petitioner was represented by a succession of three court appointed attorneys: Assistant Federal Defender Paula Voss [Doc. 8, 39], Charles Poole [Doc. 39, 77], and Stephen Johnson [Doc. 77]. Attorney Voss represented Campbell through a competency evaluation and competency hearing. Attorney Poole represented Campbell through a hearing on a motion to suppress. Attorney Johnson represented Campbell through trial and sentencing, and also on appeal.

Now before the Court is Petitioner's initial § 2255 Motion, which alleges several claims of ineffective assistance of counsel, directed primarily at Poole and Johnson [Doc. 185]. The Government responded in opposition [Doc. 189]. The Petitioner later filed an amendment, or supplement, to the § 2255 motion [Doc. 196]. The Petitioner then filed a second amendment, or supplement, to the § 2255 motion [Doc. 200]. The Government has filed a response in opposition to the first and second amended motions [Doc. 204], and the Petitioner filed a reply [Doc. 205].

Meanwhile, Petitioner filed a Motion To Appoint Counsel [Doc. 201], based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which the Court has treated as a third amended motion citing *Johnson* as a new ground for relief [Doc. 206]. The Government filed a response in opposition [Doc. 207], and the Petitioner filed a reply [Doc. 208]. The Court has given thorough consideration to all of these filings, and will now address the § 2255 motion, the first amendment, the second amendment, and the third amendment, or *Johnson* claim, in turn.

2

## STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, to obtain relief under § 2255, a petitioner must establish "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire processing invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotations omitted). In other words, petitioner cannot prevail unless he shows a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998). Under this standard, a petitioner "must clear a significantly higher hurdle [to obtain relief] than would exist on direct appeal." *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 166 (1982)).

Moreover, a petitioner alleging ineffective assistance of counsel must satisfy a two-part test. *Strickland v. Washington*, 466 U.S. 668 687 (1987), *see also*, *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). First, he must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonable effective assistance," *Id.*, as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that. . . the challenged action might be considered sound trial strategy") (internal citation omitted).

3

Second, petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285-86 (2000).

## I. THE INITIAL § 2255 MOTION [Doc. 185]

The Petitioner alleges four claims of ineffective assistance of counsel, focused on the following subjects: (1) plea negotiations, (2) a suppression motion, (3) trial strategy; and (4) sentencing.

### A. Plea Negotiations

Campbell claims that Attorney Poole and Attorney Johnson failed to fully investigate his sentencing exposure and thus rendered ineffective assistance by not advising him that he would have faced a lesser sentence if he had pleaded guilty before August 2006, when the grand jury returned a Superseding Indictment with additional charges, including a § 924(c) charge with its statutorily mandated consecutive sentence. The Government concedes that Campbell's sentencing exposure increased once the grand jury charged him with two additional offenses. The Government argues, however, that the Petitioner is wrong to claim that if he had pleaded guilty before the filing of additional charges, that the Government would have been unable to bring additional charges against him.

The Court agrees. A defendant cannot compel the government to forgo criminal charges supported by adequate evidence, unless the defendant negotiated a plea agreement which barred the bringing of more charges. Moreover, Petitioner's affidavit states that Attorney Voss, early on in the case, conveyed a plea agreement offer from the Government, and she told Campbell

4

that he faced a sentence of at least 15-18 years [Doc. 185 at 26]. Because the Indictment alleged that Petitioner was an armed career criminal under 18 U.S.C. § 924(e), Campbell faced a sentence of no less than fifteen years' imprisonment on the original Indictment [Doc. 2]. The Government contends that counsel cannot be deemed ineffective for failing to predict that the Government would file specific, additional charges against a defendant in the course of a case. The Court agrees. To hold otherwise would subject defense counsel to an unreasonable standard.

Elsewhere, Petitioner cites *Lafler v. Cooper*, 132 S.Ct. 1376 (2012), but with no attempt to relate it to his situation. He then seems to argue that he rejected a "fifteen-year deal" because of bad advice from counsel [Doc. 185]. Petitioner, however, presents no alleged factual basis for this claim.

Finally, defense counsel has a duty to correctly relay the terms of a proffered plea agreement to the Defendant. Obviously, doing so does not constitute ineffective assistance. There is no basis for the Court to find that either Voss or Poole misled the Petitioner as to any proffered plea, or failed to accurately convey a plea offer.

Where an alleged error by counsel allegedly caused a Petitioner to reject a plea offer and go to trial, Petitioner must prove (1) that counsel's performance was constitutionally deficient and (2) that there is a reasonable probability that, but for counsel's deficient performance, Petitioner would have pleaded guilty. *Humphress v. United States*, 398 F.3d 855, 859 (6th Cir. 2005). To the extent Petitioner now asserts that he would have pleaded guilty had he been guaranteed a fifteen-year sentence, he has not established that the Government ever extended any such offer. The Petitioner cannot show that the Government would have acquiesced to Petitioner's demand to cap his sentencing exposure at the mandatory minimum. The Court must

find that Campbell has not shown that counsel's advice "caused nonacceptance of a plea offer" actually extended by the United States. *Lafler*, 132 S. Ct. at 1383.

### B. The Suppression Motions

Attorney Poole filed two Motions to Suppress [Docs. 45, 55]. Magistrate Judge C. Clifford Shirley, Jr. conducted an evidentiary hearing on the motions, and then issued a Report and Recommendation, recommending that the motions be denied [Doc. 62]. District Judge Thomas W. Phillips accepted the recommendation, in whole, and denied the Motions to Suppress [Doc. 68].

Campbell complains that Poole did not "properly" subpoena certain witnesses for the hearing on the suppression motion. These witnesses were officers who allegedly were present during the execution of the search warrant. In fact, Magistrate Judge Shirley had refused to issue subpoenas for those individuals, although Poole did request them. Moreover, Magistrate Judge Shirley explained to Campbell, at the start of the suppression hearing, that Petitioner was not entitled to use the suppression hearing as a discovery mechanism, and the Petitioner could not show that the requested testimony was necessary to his defense [Doc. 75, Supp. Hr'g Tr. at 5-6]. Finally, in his § 2255 Motion, the Petitioner does not identify any useful information that those purported witnesses could have provided.

Similarly, Attorney Poole's inability to obtain all of the recordings requested by Petitioner does not establish that counsel's performance was deficient, much less that Petitioner suffered any prejudice. The same is true with regard to the Petitioner's unsupported claim that an "enhanced" video recording would have shown facts contrary to the video recording admitted by the Court.

6

Campbell also faults Attorney Poole for not arguing, as a basis for suppression, that the officers targeted him for arrest because of his involvement in a shooting several years earlier. The Court finds, however, that the undisputed testimony at the suppression hearing was that officers did not recognize Petitioner as they pursued him. They realized that they knew Campbell only after he had been arrested [Doc. 75, Supp. Hr'g Tr. at 37, 39-40, 61-62]. Therefore, there can be no basis for alleging ineffective assistance of counsel on this ground.

### C. Trial Strategy

Campbell faults Attorney Johnson for conceding at trial that Campbell was a convicted felon, and that Campbell possessed a firearm, on the date in question. Petitioner argues that Attorney Johnson should have advanced, as the "main defense," that Campbell was "suffering from PTSD and other psychological disorders," and that Campbell's statements to the police about how he obtained and possessed the firearm should have been disregarded by the jury as unreliable.

This claim of ineffective assistance is totally unsupportable. The undisputable fact is that a firearm was found on Campbell's person when he was arrested, and therefore, Campbell possessed that firearm. There was nothing Attorney Johnson could have done to alter that key fact. And there was nothing a witness in the medical or psychological field could have said to change it.

The Government is correct that the Petitioner bears the burden of rebutting the "strong presumption that defense counsel's decisions [were] guided by sound trial strategy," *United States v. Clemons*, No. 93-2391, 1994 WL 540669, at *2 (6th Cir. Oct. 3, 1994). The Court finds that the Petitioner has not overcome that presumption. *See also Bentley v. Motley*, 248 F. App'x

7

713, 718 (6th Cir. 2007) (judicial review of counsel's strategic and tactical choices is "highly deferential").

### D. Sentencing

Petitioner claims that Attorney Johnson was ineffective at sentencing, because Johnson did not seek a downward departure on the ground that the Bureau of Prisons did not grant Campbell full credit for his period of presentence detention. The Court finds, however, that the Bureau of Prisons has granted Petitioner credit for all of the time he served in federal custody. Attorney Johnson sent a detailed letter to Petitioner fully and accurately explaining this matter of detention credit [Doc. 185-4, Exhibit D]. To the extent that Campbell seeks a further reduction based on time he spent in state custody, such a reduction is disallowed by 18 U.S.C. § 3585(b). Therefore, Attorney Johnson was not ineffective for not seeking a downward departure on that basis.

To the extent that Petitioner is attacking the manner in which his sentence is being executed by the Bureau of Prisons, such a claim must be brought, after administrative remedies are exhausted, as a habeas petition under § 2241 in the district where he is incarcerated. *See United States v. Garcia-Echaverria*, 374 F.3d 440, 449 (6th Cir. 2004); *Woody v. Marberry*, 178 F. App'x 468-471 (6th Cir. 2006) (the portion of a § 2255 petition that challenged the Bureau of Prisons' calculation of credit for time served was properly raised under § 2241 in the district of his incarceration, not by way of § 2255).

### II. THE FIRST AMENDMENT TO THE § 2255 MOTION [Doc. 196] AND THE SECOND AMENDMENT TO THE § 2255 MOTION [Doc. 200]

In the First Amendment to his § 2255 Motion, Campbell cites *Bailey v. United States*, 133 S. Ct. 1031 (2013) in support of his argument that his seizure and arrest were unlawful and that all of the evidence thereafter obtained should have been suppressed. Campbell also cites

*Alleyne v. United States* 133 S. Ct. 2151 (2013), and argues that his sentence violated *Alleyne*, because the jury was not required to make factual findings regarding his prior convictions. In the Second Amendment to the § 2255 Motion, Campbell argues that he was no longer an armed career criminal in light of *Descamps v. United States*, 133 S. Ct. 2276 (2013).

The Court must first address whether the claims raised in the First and Second Amendments to Petitioner's § 2255 motion are time barred. The Government asserts, and the Court agrees, that Campbell's claims are untimely, because his motions to amend his § 2255 motion were filed more than one year after the judgment became final. A motion to amend or supplement a § 2255 motion "will be denied where it is filed after [the limitation] period expires unless the proposed amendment relates back to the date of the original pleading within the meaning of [Federal] Rule [of Civil Procedure] 15(c)(2)." *Howard v. United States*, 533 F.3d 472, 457-76 (6th Cir. 2008). Rule 15 states that an amendment may "relate back" to the date of the original pleading if the proposed claim "arose out the conduct, transaction, or occurrence" set forth in the original pleading. Fed. R. Civ. P. 15(c)(2). In the context of habeas proceedings, the Supreme Court has interpreted that to mean that the new claims must be based on the "same core facts" relied upon in the timely-filed petition. *Mayle v. Felix*, 545 U.S. 644, 657 (2005). A late-filed claim is unreviewable if it "depend[s] upon events separate in 'both time and type' from the originally raised episodes." *Id.* Without this requirement of a "common core of operative facts," the "limitation period would have slim significance." *Id.* at 662. It is sufficient—and a claim is accordingly time-barred – if the claim merely arises from the same trial, conviction, or sentence. *Id.*

Petitioner contends that his *Bailey* claim related back to his original claim that counsel was ineffective for not presenting certain evidence when litigating a suppression motion. The

9

Court, however, agrees with the Government that Campbell's *Bailey* claim is unrelated to Petitioner's initial assertion that Attorney Poole should have obtained and presented additional evidence. In *Bailey*, police officers detained the defendants after following them in a car for five minutes after they left the scene of a building which was to be searched. 133 S. Ct. at 1036. The Court found that this detention occurred "beyond any reasonable understanding of the immediate vicinity of the premises." *Id.* at 1042. In Campbell's case, he obviously was in the immediate vicinity of the building to be searched when he fled and was apprehended. Moreover, the Sixth Circuit has already held that the stop of Campbell was legitimate pursuant to *Terry v. Ohio*, 392 U.S. 1 (1968), because officers clearly had reasonable suspicion that he was involved in criminal activity. *Campbell*, 436 F. App'x at 523-26.

As for Petitioner's *Alleyne* and *Descamps* claims, Petitioner has not even attempted to link those cases to any claim in his timely-filed § 2255 motion. Instead, Petitioner simply presupposes that *Bailey*, *Alleyne*, and *Descamps* created "new rules" which should apply to him on collateral review. The Court does not agree. A § 2255 motion is "not to provide a mechanism for the continuing reexamination of final judgments based upon later emerging legal doctrine," but to ensure that prior court proceedings were consistent with then-applicable law. *Teague v. Lane*, 489 U.S. 288, 308 (1989).

The Government asserts, and the Court agrees, that none of the cases upon which Petitioner relies involved a new rule. *Bailey* applied existing precedent to a particular factual scenario. *Alleyne* extended *Apprendi* to a new context. *Descamps* clarified the modified-categorical approach as applied to the Armed Career Criminal Act. *See, e.g., King v. United States*, 610 F. App'x 825, 828-29 (11th Cir. 2015) ("*Descamps*... is not a new rule."); *In re Mazzio*, 756 F.3d 487, 489-90 (6th Cir. 2014) (*Alleyne* is not retroactively applicable); *Bailey*,

133 S. Ct. at 1042 (limiting *Michigan v. Summers*, 452 U.S. 692 (1981), to a particular factual context). These claims do not relate back. Accordingly, the claims presented in the First and Second Amendments to Petitioner's § 2255 motion are time barred, and cannot be the basis for the relief sought by Petitioner.

### III. THE JOHNSON CLAIM [Doc. 201]

Finally, Petitioner raises the issue of whether he is eligible for collateral relief in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Court finds that *Johnson* affords no basis to grant relief to the Petitioner.

In *Johnson*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. *Johnson*, however, did not "call into question . . . the remainder of the Act's definition of a violent felony, *Id.* Campbell's prior convictions qualify as predicate offenses under the use-of-force clause, so *Johnson's* invalidation of the residual clause has no effect on his sentence.

Campbell was convicted at trial of drug and firearms offenses, classified as an armed career criminal under 18 U.S.C. § 924(e) and as a career offender under U.S.S.G. § 4B1.1, and sentenced to an aggregate term of 360 months' imprisonment. *United States v. Campbell*, 436 F. App'x 518, 519-20 (6th Cir. 2011). Campbell has prior convictions for facilitation of second-degree murder (committed on May 18, 1996), aggravated assault (committed on May 25, 1996), and two counts of aggravated robbery (committed on September 15, 1996, and September 28, 1996, respectively). Three prior violent felony convictions are needed for an armed career criminal classification, U.S.C. § 924(e), while two prior crimes of violence are sufficient for a career-offender classification, U.S.S.G. § 4B1.1(a).

The Court finds that Campbell has been properly classified as an armed career criminal and a career offender. Petitioner's conviction for aggravated assault, in violation of Tenn. Code Ann. § 39-13-102(a)(1), necessarily involved either the use or threatened use of violent force against another [Doc. 204]. The Sixth Circuit has already held that Tennessee convictions for aggravated robbery categorically qualify under the use-of-force clause, *United States v. Bailey*, No. 14-6524, 2015 WL 4257103, at *4 (6th Cir. July 15, 2015). Campbell's convictions for facilitation of second-degree murder would also qualify as a predicate offense under *United States v. Gloss*, 661 F.3d 317 (6th Cir. 2011), [Doc. 204]. Accordingly, any claim for relief under *Johnson* is without merit.

## CONCLUSION

The Court finds that Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255. A hearing is unnecessary in this case. A Judgment will enter **DENYING** the Motion, as amended [Docs. 185, 196, 200, 201].

**SO ORDERED**.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

12

Case 3:05-cr-00023-PLR-HBG   Document 209   Filed 02/24/16   Page 12 of 12   PageID #: 1507